14614

PERRIN v. RAINWATER

(195 S. E., 283)

July, 1937.

*Messrs. Willcox, Hardee & Wallace* and *Royall & Wright,* for appellant,

*Messrs. McEachin & Townsend* and *G. Badger Baker,* for respondent,

February 7, 1938.

The opinion of the Court was delivered by Mr. Justice Bonham.

The story of a pitiful tragedy by which a child lost its life, which is the genesis of this action, is one which so touches the sympathy as to render it difficult to consider and determine the issues of law and fact calmly and dispassionately.

The daughter of the respondent, Rebecca Wardlaw Perrin, was an infant of about the age of seven years; she was a pupil of a dance school kept by Dicksie Barfield, in a hall situate on the third floor of a building in the City of Florence, which building was owned by the appellant herein. Reaching up to the third floor of the building was a fire escape on the outside of the building, access to which was had from the dance hall through a door and a window on the same floor. Rebecca Wardlaw Perrin, while attending the dance school, went on, and fell from, this fire escape and was killed. The plaintiff, her father, brought action under our statute, Code 1932, § 412, familiarly known as Lord Campbell's Act, for the benefit of himself and his wife— the parents of the child.

The defendants are Mrs. Lillian S. Rainwater, the owner of the building, and Miss Dicksie Barfield, the keeper of the dance school, which the little girl attended as a pupil.

The plaintiff alleged the facts above stated, including a description of the fire escape, which it alleged to be of faulty

construction, and as being "difficult and dangerous for use by mature persons and constituting a death trap for small children." It was further alleged that the deceased "attracted by easy access and resort of other small children to the above described fire escape, stepped out on said fire escape, and due to its dangerous construction slipped through the opening in the floor and was dashed to death on the pavement below." Further, it alleges that defendants knew or should have known that pupils of the dance school resorted to the fire escape. The grounds of negligence alleged are set out in eight particulars, not necessary to be further reproduced.

The defendants answered, and demurred to the complaint orally on the following grounds: (1) No allegations tending to show breach of any duty which defendant as landlord owed to plaintiff's intestate; (2) that the fire escape is not such an instrumentality as brings it within the attractive nuisance doctrine; (3) it does not appear that the fire escape was so easily accessible to children generally as to impose upon defendant a duty to guard it; (4) that the complaint shows that the child was not attracted to the fire escape by idle curiosity, but came upon the premises as a pupil of the dance school, and then became a trespasser upon the fire escape; (5) the allegations of the complaint show that common experience would justify the owner in assuming that reasonable prudence would prevent an injury from the use thereof, such as is described in the complaint; as to a child so little advanced as to be unable to recognize such danger, her inefficiency cannot shift her care from her parents to the defendant, or impose upon defendant a duty where none exists; (6) the allegations of the complaint show that such danger as may have been incident to the use of the fire escape by children and others was obvious and in no sense latent; (7) the complaint shows that children, including plaintiff's intestate, had access to the fire escape only at such times as the premises were being used by the codefendant Dicksie Barfield, when the children were there under her care and supervision, and no facts are alleged from which it

can be inferred that this defendant should have anticipated that her codefendant was not amply able to prevent the unauthorized use thereof by plaintiff's intestate.

The demurrer was heard by Judge Dennis, and overruled in a short order. The appeal to this Court is from that order.

The exceptions are seven in number and are mainly a repetition of the issues tendered by the demurrer.

It is elementary that in passing upon a demurrer, the ▮ allegations of the pleading attacked by it are taken to be true. Our inquiry, then, is, Does the complaint state a cause of action under the "attractive nuisance" doctrine, perhaps better known to the Courts and the profession as the "Turntable Doctrine"?

The able counsel in this case, for the litigants of both sides, have gone elaborately into the discussion of this doctrine and have cited many authorities. One need go no further in this jurisdiction, in the study of that doctrine, than the case of *Hart v. Union Mfg. & Power Co.*, 157 S. C., 174, 154 S. E., 118, 122, in which the opinion was written by Mr. Justice, afterwards Chief Justice, Blease. The opinion, since approved in other cases by this Court, goes into an exhaustive study and exposition of the doctrine of "attractive nuisance." The opinion said: "The case of the respondent is predicated upon what is generally designated as the 'turntable' or 'attractive nuisance' doctrine, recognized for many years by this Court, and being first particularly passed upon in the case of *Bridger v. Railroad Co.*, 25 S. C., 24."

The opinion contains this: "It is also plain that the determining factor in an alleged attractive nuisance is not that it be located so that it may be easily reached or within reach by the mere outstretching of the hand, but it is equally so if the agency be of such nature that it tempt or appeal to the venturesome or curious impulse of a normal child, so that it may be easily put in reach."

The opinion likewise approved, as in conformity with the law of this State, the following instruction to the jury: "If

one artificially brings or creates upon his premises a dangerous place or instrumentality which, from its nature, has a tendency to attract the childish instincts and impulses of normal children for play or amusement, and at the same time is dangerous to them, a new duty is imposed upon one maintaining such place or agency, namely, in the exercise of an obvious social duty and the ordinary offices of humanity, to take such reasonable pains, precautions, and ordinary care, without becoming the insurer or guarantor of the safety thereof, as the circumstances reasonably permit, to see that such places or instrumentalities are so safeguarded that children be reasonably protected and not be injured in coming in contact therewith while playing with it or coming in its vicinity."

The Court in the *Hart case, supra,* quoted with approval the action of the Court in the case of *Franks v. Oil Co.,* 78 S. C., 10, 58 S. E., 960, 12 L. R. A. (N. S.), 468, in overruling the demurrer to the complaint made upon the ground that it did not show the violation of any legal duty owing to the deceased in regard to the unprotected condition of the reservoir.

We shall not reproduce the opinion and authorities. It suffices to say that they also apply to and dispose of the same question made by the demurrer in this case.

A question is made by some of the exceptions which challenges the order of the Circuit Judge for that he overruled the grounds of the demurrer which suggest that the parents of Rebecca Wardlaw Perrin, and Miss Barfield are the cause, or at least a proximate contributing cause, to the unhappy incident.

The cases cited and quoted in the *Hart case, supra,* dispose of these exceptions contrary to appellant's contention.

It is unnecessary to cite any more of the many cases of our own jurisdiction which are in accord with the cases herein quoted and cited.

These sustain our conclusion that the complaint states a cause of action and the presiding Judge committed no error in overruling the demurrer.

Judgment affirmed, and exceptions overruled.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES BAKER and FISHBURNE concur.

MR. JUSTICE CARTER did not participate on account of illness.