14672

FRYE v. ELROD *ET AL.*

(196 S. E., 884)

*Messrs. George Bell Timmerman* and *Martin & Sturkie,* for appellant,

*Messrs. John W. Crews* and *Callison & Smith,* for respondent,

April 25, 1938.

The opinion of the Court was delivered by Mr. Justice Bonham.

This action is brought to recover damages for the alleged wrongful death of the plaintiff's child, which it is alleged was caused by the falling of a pile of stacked lumber owned by the defendant Elrod, and stacked on the premises leased by C. M. Triplett. The complaint alleges the things necessary to set forth a cause of action under Lord Campbell's Act. It also alleges that the defendants negligently, recklessly, and willfully placed, or caused to be placed, and maintained, piles of lumber near the home of plaintiff, which were stacked or piled in a dangerous manner, which were attractive to and did attract children of tender years to them to the knowledge of defendants; that the stacks or piles of lumber were unprotected and unguarded, and constituted an attractive nuisance dangerous to the children of the community. The complaint further alleges that the death of plaintiff's intestate was occasioned by the actionable negligence, recklessness, and willfulness of the defendants in the particulars set forth in the complaint.

The answer of the defendant Elrod is a general denial; he denied that he was in business with his codefendants; that he had a verbal agreement with C. M. Triplett to pay him for dressing lumber for him when ordered to do so; that Triplett leased and operated the sawmill and premises on which it was situated; that the premises did not constitute an attractive nuisance, and children playing there did so over the protest of Triplett; that the death of plaintiff's intestate was proximately caused by the negligence and willfulness of the deceased's parents, for whose benefit the action is brought.

At the close of the testimony, the defendants made a motion for directed verdict on the grounds that: (1) That the relation between Elrod and Triplett was that of bailor and bailee, with reference to the lumber on the premises and stacked in the pile; (2) that J. E. Elrod Lumber Company owed no legal duty to plaintiff's intestate, which he breached, and which breach caused the injury to plaintiff's intestate; (3) that there is no evidence that J. E. Elrod had any control over the premises upon which the child played, nor any control or direction of the manner of stacking the lumber, that it was done by Triplett, who was not under the control of Elrod or the Elrod Lumber Company.

The motion was granted as to J. E. Elrod.

The plaintiff appeals upon exceptions, which in our judgment make two cardinal questions for our consideration, viz.:

(1) Was there evidence to take the case to the jury upon the issue whether or not the respondent, Elrod, was the owner of the lumber which caused the death of the child, that he had it placed on the premises leased by Triplett for the purpose of having it dressed by Triplett when Elrod gave directions for it to be done?

(2) If Triplett was bailee of the lumber, and an independent contractor as to dressing the lumber, did that relieve Elrod of liability?

Was Elrod the owner of the lumber which fell and injured the child? That is no longer a debatable question. The defendant admits it. At folios 363, 364, and 365 of the Transcript of Record this occurs:

"Q. After it came in you went and asked Mr. Triplett where to put it? He told you to put it on the same pile? A. Yes, sir.

"Q. The same pile that they admit was Elrod lumber?

"Mr. Crews: I do not think counsel ought to say the same pile they admitted.

"Mr. Timmerman: There is no question about that. You admitted it in open Court. There is testimony that some of it was Mr. Triplett's lumber and some was Mr. Elrod's lumber in that same pile and Mr. Triplett said that himself. You made that statement in open Court and in talking to the Judge you admitted that it was Elrod's lumber.

"Mr. Crews: All right, go ahead."

In the first ground of the motion for directed verdict counsel for the motion said: "We take the position that Mr. J. E. Elrod or the J. E. Elrod Lumber Company, was a bailor, and admit that he owned the lumber that fell on the little child, that is to say, he had title to it, and it belonged to him", etc.

In his rulings on the motion for directed verdict the trial Judge said: "Now this particular lumber pile which belonged to Mr. Elrod was stacked on the ground at that particular time and was not being moved either for dressing or shipment, it was not being stacked, as it had already been stacked."

It is settled, then, that the lumber was the property of Mr. Elrod. He did not buy it of Triplett; it is, therefore, a legitimate deduction that the agents of Elrod, and Elrod himself, bought the lumber and transported it to the premises, and naturally they stacked or piled it. It is undisputed that it was not touched by Triplett or his agents or servants until Elrod directed what lumber he wanted dressed.

Elrod maintained the lumber on the premises and he was legally bound to see that it was kept in a' safe condition so as not to injure others. He could not escape liability by saying, "I left it in the care of another for a certain purpose, viz., to dress it." If those with whom he left it were negligent in carrying out Elrod's orders. Elrod would be liable, as they were his servants and agents.

Inasmuch as appellant has not argued the question whether the plea of bailor and bailee, and that of independent contractor were properly pleaded by defendants, we have not considered nor decided those issues.

If, however, it should be held that they were properly pleaded, and if they might serve to absolve Triplett from liability, they could not avail to absolve J. E. Elrod. The plea is, and the testimony, especially that of the defendant Triplett, tends to show that the only relation between J. E. Elrod, or the Elrod Lumber Company, and C. M. Triplett was that of employer and employee, or principal and agent. Triplett makes it perfectly plain that he was employed by J. E. Elrod, just as he was employed by any other customer of his planing mill, to dress his lumber and ship it for him. Now the delict, which furnishes the basis of this action, had no sort of relevancy or pertinency to the dressing and shipping of Elrod's lumber. Elrod had control of the lumber; gave directions when and what was to be dressed. The complaint distinctly states the action to be one for the negligence, recklessness, and willfulness of the defendants in placing, or causing to be placed, and maintained, piles of lumber near the home of plaintiff, and many others, which were stacked in a dangerous manner, that said lumber piles were attractive to children of tender years and did attract children to them to the knowledge of defendants, and the same were unprotected and unguarded and constituted an attractive nuisance, dangerous to the children of the community.

It is admitted that the lumber which fell and caused the death of plaintiff's intestate was owned by J. E. Elrod. There

is evidence which tends to show, or from which the jury might reasonably infer, that J. E. Elrod placed the lumber there and maintained it there. It should, therefore, have been left to the jury to determine the force and effect of the testimony in its application to the allegations of negligence, recklessness, and willfulness of J. E. Elrod as the cause of the ·death of plaintiff's intestate.

As to the duty and liability of one who creates and/or maintains things which are dangerous and which from their nature tend to attract children, we need only refer to, without quoting from the text, the cases of *Stout v. Sioux City & P. R. Co.,* 23 Fed. Cas., p. 183, No. 13,504, the turntable case; *Franks v. Cotton Oil Co.,* 78 S. C., 10, 15, 58 S. E., 960, 12 L. R. A., N. S., 468; *Hart v. Union Mfg. & P. Co.,* 157 S. C., 174, 154 S. E., 118, and the recent case of *Perrin v. Rainwater,* 195 S. E., 283, decided by this Court February 7, 1938.

The judgment below is reversed and the case is remanded for retrial.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES BAKER and FISHBURNE concur.

MR. JUSTICE CARTER did not participate on account of illness.