NECHODOMU, by Guardian *ad litem,* and another, Plaintiffs and Respondents, vs. LINDSTROM and others, Defendants: LAMBERT and another, Defendants and Appellants.

*March 9—April 5, 1955.*

For the appellants there were briefs and oral argument by *Dudley O. Emmert* of Manitowoc.

For the respondents there was a brief by *Frank A. Murphy,* attorney, and *Murphy & Brady* of counsel, all of Manitowoc, and oral argument by *Frank A. Murphy.*

MARTIN, J. Plaintiffs attempt to recover on the theory of attractive nuisance. The injured minor was nine years old at the time of the accident.

*Angelier v. Red Star Yeast & Products Co.* (1934), 215 Wis. 47, 53, 254 N. W. 351, enunciated the rule which applies five tests to the allegations of a complaint in these cases. It held that such a complaint as against the owner of the premises must allege:

(1) ". . . that the former maintained, or allowed to exist, upon his land, an artificial condition which was inherently dangerous to children being upon his premises." The complaint here states that the mixer machine was an artificial condition inherently dangerous to children and that defendants allowed the same to exist upon their premises. It alleges that the top of the drum on the mixer was open and exposed

revolving blades therein, a condition particularly dangerous to children.

(2) ". . . that he knew or should have known that children trespassed or were likely to trespass upon his premises." This complaint states that on many occasions prior to the accident neighborhood children of tender years, including the minor plaintiff and the children of the defendants, played in and about the premises and were known, allowed, and encouraged by defendants to do so; that on the day of the accident the minor plaintiff was "a frequenter of and an invitee to said premises."

(3) ". . . that he realized or should have realized that the structure erected or the artificial condition maintained by him was inherently dangerous to children and involved an unreasonable risk of serious bodily injury or death to them." It is alleged in the complaint that Lambert and Zinda saw the operation of the mixer and knew or should have known that its operation was alluring to young children and created an artificial condition inherently dangerous to children.

(4) ". . . that the injured child, because of his youth or tender age, did not discover the condition or realize the risk involved in going within the area, or in playing in close proximity to the inherently dangerous condition." The complaint states that the minor plaintiff because of his tender years did not realize the risk involved in playing about the mixer.

(5) ". . . that safeguards could reasonably have been provided which would have obviated the inherent danger without materially interfering with the purpose for which the artificial condition was maintained." It is alleged that defendants could have provided safeguards to eliminate the danger to children without interfering with the use of the mixer.

The complaint meets all the tests under the rule.

Appellants urge that this court should hold, as a matter of law, that the mixer machine was not a dangerous instrumentality or attractive nuisance. This we cannot do. The complaint states that it was dangerous in that the open top of the drum left revolving blades exposed. Appellants attempt to characterize the machine as a lawfully attractive object and cite *James v. Wisconsin Power & Light Co.* (1954), 266 Wis. 290, 299, 63 N. W. (2d) 116, following the Restatement, 2 Torts, p. 922, sec. 339, to the effect that a possessor's liability "does not extend to those conditions the existence of which is obvious even to children and the risk of which is fully realized by them." Plaintiffs' complaint states that the injured minor, by reason of his tender age, did not realize the risk involved, and for the purposes of the demurrer appellants admit that. This is not a question which can be resolved on demurrer; it will be the plaintiffs' burden on the trial to prove the allegations of the complaint.

See Anno. 36 A. L. R. 104 *et seq.*

The further contention is made that the demurrer should be sustained because plaintiffs failed to properly plead a violation of the safe-place statute in that they have not stated that the appellants employed persons at their place of business "for direct or indirect gain or profit." The complaint alleges that Lambert and Zinda were engaged in the business of selling and repairing farm implements on the premises here involved, that they employed other persons in the conduct of their business, and that their premises constituted a place of employment under ch. 101, Stats. The inference is obvious that if appellants employed persons in their business they employed them for gain or profit. The allegations are sufficient even though not recited verbatim from the statutes. Sec. 263.27, Stats.

Appellants contend that they cannot be held liable for any negligence of the independent contractor Abts and his em-

ployee Lindstrom in the absence of a showing that appellants had the right to exercise any control over the machine. In *Potter v. Kenosha* (1955), 268 Wis. 361, 68 N. W. (2d) 4, relied upon by appellants, this court concluded that the city had, pursuant to a contract for the installation of a sewer, turned over to an independent contractor the complete control and custody of the place of employment. It is alleged here that appellants owned and occupied the premises and it cannot be said that they relinquished control over them simply by contracting with Abts for certain work on the outside of the building. The rule is well stated in 27 Am. Jur., Independent Contractors, p. 515, sec. 38:

"It is well settled that one who orders work to be executed, from which, in the natural course of things, injurious consequences must be expected to arise unless means are adopted by which such consequences may be prevented, is bound to see that necessary steps are taken to prevent the mischief, and such person cannot relieve himself of his responsibility by employing someone else, whether the contractor employed to do the work from which the danger arises or some third person, to do what is necessary to prevent the work from becoming wrongful. This rule is sufficiently comprehensive to embrace, not only work which, from its descriptions, is 'inherently' or 'intrinsically dangerous,' but also work which will, in the ordinary course of events, occasion injury to others if certain precautions are omitted, but which may, as a general rule, be executed with safety if those precautions are adopted. The authorization of an act by an employer is not a prerequisite to the application of the rule."

The trial court properly overruled the demurrer.
*By the Court.*—Order affirmed.