MONDL and wife, Appellants, v. F. W. WOOLWORTH COMPANY, Respondent.

*January 13—February 7, 1961.*

For the appellants there was a brief and oral argument by *Henry P. Hughes* of Oshkosh.

For the respondent there was a brief by *O'Leary, Joyce & Goggin* of Neenah, and oral argument by *E. C. Joyce.*

MARTIN, C. J.    The first question raised by appellants is the propriety of the trial court's instruction on Mrs. Mondl's duty to exercise care for her own safety.    The court instructed the jury that:

"Every person must use ordinary care to keep a lookout ahead of and about him, and to apprise himself of possible dangers so that he may regulate his gait or his course accordingly.

"Ordinary care demands that such vigilance be increased where special circumstances exist. The degree of diligence with respect to keeping a proper lookout on the part of a customer in a store—such as the plaintiff was—in order to measure up to the standard of ordinary care which the law requires, varies with the time and place, the conditions which might normally be brought about by weather conditions or by traffic into a mercantile establishment, considering weather conditions, and the opportunity to observe things ahead of and about him or her, and all other circumstances then and there present."

Appellants argue that this instruction placed upon Mrs. Mondl a greater burden with respect to lookout than the law requires.

Ordinary care is such care as persons of ordinary prudence ordinarily exercise under like circumstances. The existing circumstances necessarily dictate what constitutes ordinary care in each instance. When the circumstances give rise to reasonable anticipation of injury, ordinary care includes the duty to act in accordance with that knowledge. As Mr. Justice FOWLER pointed out in *Hamus v. Weber* (1929), 199 Wis. 320, 325, 226 N. W. 392, ordinary care and the element of reasonable anticipation are the same. Negligence exists when the harm could have been reasonably foreseen as probable by a person of ordinary prudence under like circumstances.

The evidence establishes that it was snowing on the morning the accident happened. Thus, Mrs. Mondl would be chargeable with knowledge that individuals with wet shoes would have tracked moisture on the floor of the store, that wet clothing would have dripped on the floor. She should have anticipated the likelihood of a slippery floor. The exercise of ordinary care required that she consider those probabilities and maintain a lookout adequate to apprise her of any such hazards. The instruction given by the trial

court was not prejudicial to the appellants under the existing circumstances.

Since the second question presented by appellants is predicated upon a determination that the instruction was improper, it is unnecessary to discuss it.

*By the Court.*—Judgment affirmed.