SCHILZ, by Guardian *ad litem,* and another, Respondents, v. WALTER KASSUBA, INC., Appellant.

*March 31—April 27, 1965.*

For the appellant there was a brief by *Prosser, Zimmermann & Wiedabach,* attorneys, and *James W. Lane* of counsel, all of Milwaukee, and oral argument by *Mr. Lane.*

For the respondents there was a brief by *Henry L. Arnold,* attorney, and *Jerome F. Byrne,* guardian *ad litem,* both of Milwaukee, and oral argument by *Mr. Arnold.*

FAIRCHILD, J.   Plaintiff contends she has alleged the elements of a cause of action upon the attractive-nuisance theory, which permits a child of tender years to recover, under certain circumstances, whether or not she is a trespasser.   There is no claim that the four pipes presented a sufficient hazard so that defendant would be liable to plaintiff if she were mature, whether an invitee, licensee, or trespasser.

The attractive-nuisance doctrine had its origin in the 1841 English case of *Lynch v. Nurdin.*[1]   Recovery was allowed where a seven-year-old child climbed upon a cart left unattended on the road and was injured while descending when the cart moved.   The impetus for its adoption by American courts was the 1874 United States supreme court case of *Sioux City & P. R. Co. v. Stout.*[2]   There recovery was permitted where a child was injured while playing with an unguarded, unlocked turntable on defendant's premises.   Later cases have often referred to the attractive-nuisance doctrine as the "turntable" doctrine.[3]

---

[1] (1841), 1 Q. B. 29, 113 Eng. Reprint 1041.   See Anno. 36 A. L. R. 34, 46.   See also *Townsend v. Wathen* (1808), 9 East 277, 103 Eng. Reprint 579, 9 Revised Rep. 553.

[2] (1874), 84 U. S. (17 Wall) 657, 21 L. Ed. 745.   See Prosser, Law of Torts (2d ed.), p. 440, sec. 76.

[3] See Anno. 36 A. L. R. 34, 51 *et seq.*; Prosser, Law of Torts (2d ed.), p. 439, sec. 76.

The attractive-nuisance doctrine is grounded in negligence.[4] It was applied in *Angelier v. Red Star Yeast & Products Co.*[5] decided in Wisconsin in 1934. Paraphrasing the *Angelier Case,* the court in *Nechodomu v. Lindstrom*[6] set forth the elements of the cause of action as follows:

"(1) '. . . that the former maintained, or allowed to exist, upon his land, an artificial condition which was inherently dangerous to children being upon his premises.' . . .

"(2) '. . . that he knew or should have known that children trespassed or were likely to trespass upon his premises.' . . .

"(3) '. . . that he realized or should have realized that the structure erected or the artificial condition maintained by him was inherently dangerous to children and involved an unreasonable risk of serious bodily injury or death to them.' . . .

"(4) '. . . that the injured child, because of his youth or tender age, did not discover the condition or realize the risk involved in going within the area, or in playing in close proximity to the inherently dangerous condition.' . . .

"(5) '. . . that safeguards could reasonably have been provided which would have obviated the inherent danger without materially interfering with the purpose for which the artificial condition was maintained.' . . .'"

There is some question whether the allegations of the complaint, even when construed with the required liberality, fulfil element (5) above set forth. In all other respects, it would appear that the necessary allegations are present or inferable if the presence of the four pipes can be said to be "inherently dangerous to children" and to involve "an unreasonable risk of serious bodily injury or death to them." It is true, of course, that the complaint does not use the words "inherently

---

[4] *Smith v. Jefferson* (1959), 8 Wis. (2d) 378, 99 N. W. (2d) 119.

[5] (1934), 215 Wis. 47, 254 N. W. 351.

[6] (1955), 269 Wis. 455, 456, 457, 69 N. W. (2d) 608.

dangerous to children," but the words "of a dangerous character with respect to children of tender years" appear to us to be a sufficiently close approximation.

The real question appears to be whether "four large black pipes extending approximately twelve (12) to fifteen (15) inches above the ground level" in an accessible area can be deemed inherently dangerous to children even if alleged to be so. We infer from the complaint that the pipes are sufficiently close together that a child might step or jump from one to another and think it fun to do so, and that, although the complaint says the pipes are large, they are of such diameter that a child might easily lose his balance while standing on one, or slip off while attempting to step or jump from one to another. The risk involved in doing so was simple and obvious. Indeed the challenge offered by the risk of falling is probably what provided the fun. There is no suggestion of any surprising danger, such as instability of the pipes, or unusual slipperiness.

This court has recognized as conditions "inherently dangerous to children" in areas where children were known to play: An electric power line sagging over a lumber pile;[7] a rapidly revolving shaft;[8] a trough through which boiling refuse was discharged;[9] a heavy gate attached to a road scraper, left raised from the ground so that it fell when released;[10] the drum of a mixing machine with an open top and revolving blades.[11] An ice truck from which a child fell was held not to be a dangerous instrumentality under the attractive-nuisance doctrine.[12]

[7] *Meyer v. Menominee & Marinette Light & Traction Co.* (1912), 151 Wis. 279, 138 N. W. 1008.

[8] *Herrem v. Konz* (1917), 165 Wis. 574, 162 N. W. 654.

[9] *Angelier v. Red Star Yeast & Products Co., supra,* footnote 5.

[10] *Britten v. Eau Claire* (1952), 260 Wis. 382, 51 N. W. (2d) 30.

[11] *Nechodomu v. Lindstrom, supra,* footnote 6.

[12] *Coffey v. Oscar Mayer & Co.* (1948), 252 Wis. 473, 32 N. W. (2d) 235.

We have said that the term "inherently dangerous," which we use in this context, means the same as "highly dangerous" or *"per se* dangerous," used elsewhere.[13]

We have pointed out that: "The question whether a condition is inherently dangerous to children involves the question whether the danger is such as would be obvious to children."[14]

In a comment to the rule as set forth in the Restatement, it is said: "The duty . . . does not extend to those conditions the existence of which is obvious even to children and the risk of which is fully realized by them."[15]

In a tentative draft of Restatement of Torts (2d), this comment appears:

"There are many dangers, such as those of fire and water, or of falling from a height or into an excavation, which under ordinary conditions may reasonably be expected to be fully understood and appreciated by any child of an age to be allowed to [sic] large. To such conditions the rule stated in this Section ordinarily has no application, in the absence of some other factor creating a special risk that the child will not avoid the danger, such as the fact that the condition is so hidden as not to be readily visible, or a distracting influence which makes it likely that the child will not discover or appreciate it."[16]

Many decisions by courts of other jurisdictions have denied recovery for injury to a child caused by a fall from an object or structure maintained by defendant, often noting that falling was a risk obvious to children and that there was no hidden danger. The objects or structures in these cases

[13] *Massino v. Smaglick* (1958), 3 Wis. (2d) 607, 612, 89 N. W. (2d) 223.

[14] *Nechodomu v. Lindstrom* (1956), 273 Wis. 313, 326, 77 N. W. (2d) 707, 78 N. W. (2d) 417.

[15] Restatement, 2 Torts, comment *b*, p. 922, sec. 339.

[16] Tentative Draft No. 5, Restatement, Torts (2d), p. 83, sec. 339, ch. 13. See Prosser, Law of Torts (2d ed.), p. 441, sec. 76, ch. 15,

were as follows: A railroad overpass or similar structure; [17] retaining walls; [18] a playground slide [19] or swing; [20] roofs; [21] buildings under construction; [22] fences; [23] ladders; [24] steps; [25] lumber pile; [26] scaffold, [27] and stool in shoe store. [28]

In other cases involving a fall, recovery has been allowed. It would be difficult to reconcile every decision. It appears generally to be the rule that a child is bound to appreciate a

[17] *McHugh v. Reading Co.* (1943), 346 Pa. 266, 30 Atl. (2d) 122, 145 A. L. R. 319; *Hocking v. Duluth, Missabe & Iron Range R. Co.* (1962), 263 Minn. 483, 117 N. W. (2d) 304, 317; *Davis v. Goodrich* (1959), 171 Cal. App. (2d) 92, 340 Pac. (2d) 48; *Schroeder v. Texas & Pacific R. Co.* (Tex. Civ. App. 1951), 243 S. W. (2d) 261; *Berwert v. Atchison, Topeka & Santa Fe R. Co.* (Mo. 1956), 289 S. W. (2d) 112; *Fourseam Coal Corp. v. Greer* (Ky. 1955), 282 S. W. (2d) 129.

[18] *Hageage v. Dist. of Columbia* (1914), 42 App. D. C. 109; *Coon v. Kentucky & Indiana Terminal R. Co.* (1915), 163 Ky. 223, 173 S. W. 325; *Kayser v. Lindell* (1898), 73 Minn. 123, 75 N. W. 1038; *State ex rel. Kansas City v. Ellison* (1920), 281 Mo. 667, 220 S. W. 498; *Kravetz v. B. Perini & Sons* (3d Cir. 1958), 252 Fed. (2d) 905.

[19] *Gleason v. Pittsburgh Housing Authority* (1946), 354 Pa. 381, 47 Atl. (2d) 129; *Severance v. Rose* (1957), 151 Cal. App. (2d) 500, 311 Pac. (2d) 866.

[20] *Cooper v. Pittsburgh* (1957), 390 Pa. 534, 136 Atl. (2d) 463.

[21] *Williams v. Overly Mfg. Co.* (1943), 153 Pa. Super. 347, 34 Atl. (2d) 52; *Coughlin v. United States Tool Co., Inc.* (1958), 52 N. J. Super. 341, 145 Atl. (2d) 482; *Prickett v. Pardridge* (1914), 189 Ill. App. 307; *Brennan v. Kaw Construction Co.* (1954), 176 Kan. 465, 271 Pac. (2d) 253.

[22] *Neal v. Home Builders, Inc.* (1953), 232 Ind. 160, 111 N. E. (2d) 280, 286; *State v. Bealmear* (1925), 149 Md. 10, 130 Atl. 66; *Labore v. Davison Construction Co.* (1957), 101 N. H. 123, 135 Atl. (2d) 591, 64 A. L. R. (2d) 966; *Miller v. Guernsey Construction Co.* (Fla. App. 1959), 112 So. (2d) 55.

[23] *Brown v. Scranton* (1933), 313 Pa. 230, 169 Atl. 435.

[24] *Neal v. Home Builders, supra,* page 288, footnote 22; *Heva v. Seattle School Dist. No. 1* (1920), 110 Wash. 668, 188 Pac. 776, 9 A. L. R. 267.

[25] *O'Callaghan v. Commonwealth Engineering Corp.* (1928), 247 N. Y. 127, 159 N. E. 884.

simple and obvious danger of falling from an object or structure, but is not bound to appreciate a danger presented or exaggerated by a defect in the structure or other peculiar circumstance, which is hidden from the child or which a child would fail to appreciate because of his immaturity.[29]

We conclude that an allegation that the four pipes, as described in the instant complaint, were inherently dangerous to children is a conclusion, not admitted by demurrer, and that as a matter of law plaintiff must be held to knowledge and appreciation of the obvious risk of falling from the pipes even though the complaint alleged she was unaware of it. Our decision does not preclude the circuit court from allowing plaintiff to plead over if she is able to allege additional facts which, consistent with this opinion, show an inherently dangerous condition.

*By the Court.*—Order reversed, cause remanded for further proceedings.

---

[26] *Hunter v. J. C. Turner Lumber Co.* (D. C. Fla. 1960), 187 Fed. Supp. 646.

[27] *Lopez v. Capitol Co.* (1956), 141 Cal. App. (2d) 60, 296 Pac. (2d) 63; *Crawford v. Cox Planing Mill & Lumber Co.* (Ark. 1964), 383 S. W. (2d) 291.

[28] *J. C. Penney Co. v. Clark* (Okla. 1961), 366 Pac. (2d) 637.

[29] See *Chase v. Luce* (1953), 239 Minn. 364, 58 N. W. (2d) 565; *Helguera v. Cirone* (1960), 178 Cal. App. (2d) 232; 3 Cal. Rptr. 64; *Woods v. City and County of San Francisco* (1957), 148 Cal. App. (2d) 958, 307 Pac. (2d) 698; *Atlantic Peninsular Holding Co. v. Oenbrink* (1938), 133 Fla. 325, 182 So. 812; *Perrin v. Rainwater* (1938), 186 S. C. 181, 195 S. E. 283; *Greene v. DiFazio* (1961), 148 Conn. 419, 171 Atl. (2d) 411; *Krause v. Almor Homes, Inc.* (1962), 149 Conn. 614, 183 Atl. (2d) 273; *Diglio v. Jersey Central Power & Light Co.* (1956), 39 N. J. Super. 140, 120 Atl. (2d) 650, and *Stevens v. Ohio Fuel Gas Co.* (1960), 92 Ohio L. Abs. 1, 193 N. E. (2d) 317.