KASTENSON, by Guardian *ad litem,* and another, Respondents, v. KASTENSON, Appellant.

*No. 10.    Argued February 28, 1972.—Decided March 28, 1972.*
(Also reported in 195 N. W. 2d 454.)

. For the appellant there was a brief by *Schoone, Mc-Manus & Hanson* of Racine, and oral argument by *Adrian P. Schoone.*

For the respondents there was a brief by *Brown, Black & Riegelman,* and oral argument by *Richard J. Kreul,* all of Racine.

HANLEY, J. The respondents are proceeding against appellant under the doctrine of attractive nuisance. The elements of a cause of action under this doctrine were explained in *Schilz v. Walter Kassuba, Inc.* (1965), 27 Wis. 2d 390, 393, 134 N. W. 2d 453, as follows:

"The attractive-nuisance doctrine is grounded in negligence. It was applied in *Angelier v. Red Star Yeast & Products Co.* [(1934), 215 Wis. 47, 254 N. W. 351] decided in Wisconsin in 1934. Paraphrasing the *Angelier Case,* the court in *Nechodomu v. Lindstrom* [(1955), 269 Wis. 455, 456, 457, 69 N. W. 2d 608] set forth the elements of the cause of action as follows:

"'(1) ". . . that the former maintained, or allowed to exist, upon his land, an artificial condition which was inherently dangerous to children being upon his premises." . . .

"'(2) ". . . that he knew or should have known that children trespassed or were likely to trespass upon his premises." . . .

"'(3) ". . . that he realized or should have realized that the structure erected or the artificial condition maintained by him was inherently dangerous to children and involved an unreasonable risk of serious bodily injury or death to them." . . .

"'(4) ". . . that the injured child, because of his youth or tender age, did not discover the condition or realize the risk involved in going within the area, or in playing in close proximity to the inherently dangerous condition." . . .

" '(5) ". . . that safeguards could reasonably have been provided which would have obviated the inherent danger without materially interfering with the purpose for which the artificial condition was maintained." . . .' "

All of the necessary allegations are contained in the complaint. Appellant contends, however, that even if the facts alleged are taken as true, the placement of plywood sheets against a plow in an open space does not result in an inherently dangerous, artificial condition. To support this contention, appellant cites a number of cases in which this court held, as a matter of law, that particular conditions were not inherently dangerous.

Pertinent to the instant case is *Schilz v. Walter Kassuba, Inc., supra.* In that case this court held that four unguarded pipes jutting from the ground adjacent to an apartment building did not constitute a condition inherently dangerous to a ten-year-old child.

The real question is whether the four-foot by eight-foot plywood sheets leaning against a plow, adjacent to a driveway, can be deemed inherently dangerous to children even if alleged to be so. We infer from the complaint that the plow was visible from three directions.

This court has held that the term "inherently dangerous" means approximately the same thing as "highly dangerous" or "per se dangerous." *Massino v. Smaglick* (1958), 3 Wis. 2d 607, 612, 89 N. W. 2d 223.

In *Nechodomu v. Lindstrom* (1956), 273 Wis. 313, 326, 77 N. W. 2d 707, 78 N. W. 2d 417, this court pointed out that:

". . . The question whether a condition is inherently dangerous to children involves the question whether the danger is such as would be obvious to children. . . ."

In a comment to the rule as set forth in the Restatement, it is said that the duty ". . . does not extend to those conditions the existence of which is obvious even

to children and the risk of which should be fully realized by them. . . ." Restatement, 2 *Torts* 2d, p. 202, sec. 339, comment *i*.

". . . It appears generally to be the rule that a child is bound to appreciate a simple and obvious danger of falling from an object or structure, but is not bound to appreciate a danger presented or exaggerated by a defect in the structure or other peculiar circumstance, which is hidden from the child or which a child would fail to appreciate because of his immaturity." *Schilz v. Walter Kassuba, Inc., supra*, at pages 396 and 397.

The risk involved here was simple and obvious. A child, eleven years of age, must have realized that the plywood sheets could not stand suspended without support of an object. As pointed out the view of the plow was unobstructed from three directions.

Respondents allege the maintenance of a "trap" by the appellant. Such theory is dependent upon the hazard being hidden. *Scheeler v. Bahr* (1969), 41 Wis. 2d 473, 480, 164 N. W. 2d 310. Here, we think the hazard was obvious or apparent to the minor child. Therefore, it would clearly be outside the definition of "trap."

We conclude that an allegation that plywood sheets leaning against a plow, as described in the complaint, were inherently dangerous to children is a conclusion, not admitted by demurrer, and that as a matter of law respondent child must be held to knowledge and appreciation of the obvious risk of falling from the plywood sheets, even though the complaint alleged he was unaware of it.

Since it would appear that no additional facts can be alleged that would alter the issues involved, the complaint must be dismissed.

*By the Court.*—Order overruling the demurrer is reversed with directions to dismiss the complaint.