KEMPEN and wife, Respondents, v. GREEN BAY & MISSIS-
SIPPI CANAL COMPANY and another, Appellants.

*No. 337. Argued December 2, 1974.—Decided December 20, 1974.*
(Also reported in 224 N. W. 2d 202.)

For the appellants there was a brief and oral argument by *H. R. Klueter* of Wausau.

For the respondents there was a brief by *Patterson, Froehlich, Jensen & Wylie,* attorneys, and *John G. Wylie,* of counsel, all of Appleton, and oral argument by *John G. Wylie.*

ROBERT W. HANSEN, J.  In overruling defendants' demurrer, the trial court determined that the plaintiffs' complaint adequately stated a cause of action in negligence [1] under the attractive-nuisance theory which permits a child of tender years to recover under certain circumstances whether or not such child is a trespasser. [2] In this state the required elements for such attractive-nuisance cause of action are five in number, with a complaint, in an action brought under the attractive-nuisance doctrine, required to allege:

" '(1) . . . that the former [possessor of real estate] maintained, or allowed to exist, upon his land, an artificial condition which was inherently dangerous to children being upon his premises . . . .

" '(2) . . . that he knew or should have known that children trespassed or were likely to trespass upon his premises . . . .

---

[1] *Mazurkiewicz v. Pawinski* (1966), 32 Wis. 2d 211, 215, 216, 145 N. W. 2d 186, this court stating: ". . . The attractive-nuisance doctrine is grounded in negligence. . . ."

[2] *Id.* at page 215.

" '(3) . . . that he realized or should have realized that the structure erected or the artificial condition maintained by him was inherently dangerous to children and involved an unreasonable risk of serious bodily injury or death to them . . . .

" '(4) . . . that the injured child, because of his youth or tender age, did not discover the condition or realize the risk involved in going within the area, or in playing in close proximity to the inherently dangerous condition . . . .

" '(5) . . . that safeguards could reasonably have been provided which would have obviated the inherent danger without materially interfering with the purpose for which the artificial condition was maintained . . . .' " [3]

Two points are raised by defendants in contending that the complaint here does not allege all of the five necessary elements for a cause of action for attractive nuisance. The first claim is that this complaint fails to allege that the canal company realized or should have realized that its structure or artificial condition was inherently dangerous to children and involved an unreasonable risk of serious bodily injury or death to them, as required by element (3) of the fivefold test. The trial court held that: ". . . Paragraphs 7 and 9 of the complaint can, with liberal construction, be read to allege such an element." Additionally, on appeal, plaintiffs argue that the allegation in the complaint that the canal company "maintained, or allowed to exist" a spillway or canal overflow which was inherently dangerous to children and that it "knew and/or should have known" that children trespassed or were likely to trespass upon its premises adds support to the trial court conclusion on the first of two challenges. We uphold the trial court holding on this point. While there is no specific allegation that the

---

[3] *Id.* at pages 215, 216, quoting *Schilz v. Walter Kassuba, Inc.* (1965), 27 Wis. 2d 390, 393, 134 N. W. 2d 453; quoted and followed in *Kastenson v. Kastenson* (1972), 54 Wis. 2d 401, 403, 404, 195 N. W. 2d 454.

canal company realized or should have realized that the artificial condition maintained or allowed to exist by it was inherently dangerous, we find it a reasonable inference from all of the allegations of the complaint that it at least should have realized that the artificial condition allowed to exist was inherently dangerous to children.

The second challenge to the sufficiency of the complaint is that it ". . . entirely fails to describe the spillway or canal overflow nor does it provide any basis for the plaintiffs' conclusion that the spillway or overflow was inherently dangerous to children. . . ." The complaint does stop at alleging only that the defendant maintained a spillway or canal overflow which "was inherently dangerous to children being upon the premises." In the *Schilz Case*, this court specifically held an allegation that an artificial condition maintained was "inherently dangerous to children" to be ". . . a conclusion, not admitted by demurrer . . . ." [4] There a trial court order overruling a demurrer was reversed with the trial court not precluded from allowing the plaintiff to plead over ". . . if she is able to allege additional facts which, consistent with this opinion, show an inherently dangerous condition." [5]

The basic reason for requiring more than an allegation of "inherently dangerous to children" is spelled out in *Schilz*. There the complaint alleged that a collection of large pipes in an accessible area was " 'of a dangerous character with respect to children . . . .' " [6] The court acknowledged that from the complaint it could be inferred that the pipes were sufficiently close together so that a child ". . . might step or jump from one to another and think it fun to do so, . . ." [7] but added,

[4] *Schilz v. Walter Kassuba, Inc., supra,* footnote 3, at page 397.
[5] *Id.* at page 397.
[6] *Id.* at page 394.
[7] *Id.* at page 394.

". . . The risk involved in doing so was simple and obvious. . . ." [8] It noted that in the complaint there was ". . . no suggestion of any surprising danger, such as instability of the pipes, or unusual slipperiness." [9] It found the general rule to be that ". . . a child is bound to appreciate a simple and obvious danger of falling from an object or structure, but is not bound to appreciate a danger presented or exaggerated by a defect in the structure or other peculiar circumstance, which is hidden from the child or which a child would fail to appreciate because of his immaturity." Holding the allegation, "inherently dangerous" to be demurrably insufficient, the court concluded that ". . . as a matter of law plaintiff must be held to knowledge and appreciation of the obvious risk of falling from the pipes even though the complaint alleged she was unaware of it." [10] With a spillway or canal overflow, as with a collection of large-sized pipes, more than the conclusion "inherently dangerous" must be alleged to withstand demurrer.

The same test on demurrer was applied in the *Mazurkiewicz Case,* [11] and the same result reached. That case involved a water ski jump on a public lake. The complaint alleged that " '. . . the said structure, which structure was dangerous by its nature, at a location which said defendant knew or should have known was used as a recreational area by children, and . . . was attractive to children.' " [12] The court noted that there were no allegations ". . . of hidden dangers, moving parts, or defective parts. . . ." [13] It restated the rule in *Schilz* that a child " '. . . is bound to appreciate a simple and

---

[8] *Id.* at page 394.

[9] *Id.* at page 394.

[10] *Id.* at pages 396, 397.

[11] *Mazurkiewicz v. Pawinski, supra,* footnote 1.

[12] *Id.* at page 214.

[13] *Id.* at page 216.

obvious danger, . . .' " [14] and held, at the demurrer stage, that the complaint failed to state a cause of action since ". . . as a matter of law plaintiff must be held to knowledge and appreciation of the obvious result of falling from the ski jump." [15]

More recently, in the *Kastenson Case*,[16] this court applied the same test and rule in finding that ". . . an allegation that plywood sheets leaning against a plow, as described in the complaint, were inherently dangerous to children is a conclusion, not admitted by demurrer . . . ." [17] There the necessary allegations were in the complaint, but the court upheld the appellant's contention that ". . . even if the facts alleged are taken as true, the placement of plywood sheets against a plow in an open space does not result in an inherently dangerous, artificial condition. . . ." [18] The *Schilz* rule was reiterated that a child is bound to appreciate a simple and obvious danger,[19] and the court, finding the risk involved in the case to be simple and obvious, concluded that ". . . as a matter of law respondent child must be held to knowledge and appreciation of the obvious risk of falling from the plywood sheets, even though the complaint alleged that he was unaware of it." [20] The trial court order overruling the demurrer was reversed, and the case remanded with directions to dismiss the complaint, it appearing that ". . . no additional facts can be alleged that would alter the issues involved . . . ." [21] That may be the situation in the case before us, but we

---

[14] *Id.* at page 217.
[15] *Id.* at pages 222, 223.
[16] *Kastenson v. Kastenson, supra,* footnote 3.
[17] *Id.* at page 405.
[18] *Id.* at page 404.
[19] *Id.* at page 405.
[20] *Id.* at page 405.
[21] *Id.* at page 405.

do not close the door to the possibility that it can be alleged and proven that the spillway or canal overflow did have some defect or peculiar circumstance which presented a danger which a seven year and five-month-old boy might not be bound to appreciate. So we follow *Schilz, Mazurkiewicz* and *Kastenson* in holding that the allegation in the complaint here, that the spillway or canal overflow was inherently dangerous to children, is a conclusion, not admitted by demurrer, and that, in the absence of allegations as to a defect in the structure or other peculiar circumstance, which was hidden from the child or which a child would fail to appreciate because of his immaturity, a child must be held to knowledge and appreciation of the obvious risks involved in going along or in playing in close proximity to a spillway or canal overflow, even though the complaint alleges that he was unaware of such risks.

*By the Court.*—Order reversed and cause remanded with directions to sustain the demurrer of defendants and dismiss the complaint of the plaintiffs, with leave to plead over if additional facts can be alleged that would, consistent with this opinion, state a cause of action.