CEPLINA, and another, Plaintiffs-Respondents, v. SOUTH MILWAUKEE SCHOOL BOARD, and another, Defendants-Respondents: PAUWELS, and another, Defendants-Appellants.

*No. 75–16. Argued June 1, 1976.—Decided June 30, 1976.*
(Also reported in 243 N. W. 2d 183.)

For the appellants there was a brief by *Burton A. Strnad*, attorney, and *James S. Grodin*, of counsel, both of Milwaukee, and oral argument by *Mr. Grodin*.

For the plaintiffs-respondents there was a brief and oral argument by *Sidney Spector* of Milwaukee.

BEILFUSS, C. J. The order appealed from denied a motion for summary judgment.

This is an action to recover damages sustained as the result of injuries suffered in a school playground accident. The minor plaintiff, Rosemarie Ceplina, was injured on April 5, 1973, when she was struck in the face with a baseball bat swung by the defendant-appellant, James Pauwels, also a minor. An amended complaint, setting forth two causes of action, was filed on October 17, 1974.

The first cause of action stated a claim in negligence against the South Milwaukee School Board and its liability insurer, the Home Indemnity Company. That claim was based on the alleged negligence of the school board with respect to its supervision of playground activities on the date in question.

The second cause of action stated a claim in negligence against the minor defendant, James Pauwels, and his father's homeowner's liability insurer, Underwriters Insurance Company. That claim was based on the alleged negligence of James Pauwels with respect to his failure to maintain a proper lookout, failure to warn, and failure

to properly control the bat which struck the plaintiff, Rosemarie Ceplina.

All defendants answered denying negligence, and cross-complained for contribution. Subsequently, the defendants James Pauwels and Underwriters Insurance Company filed a motion for summary judgment seeking dismissal of the plaintiffs' claims against them. Attached to and filed in support of that motion were Exhibits A and B representing portions of the deposition testimony of James Pauwels and Rosemarie Ceplina.

An affidavit in opposition to the motion for summary judgment was filed on behalf of the plaintiffs and incorporated the entire adverse examination of the minor parties as well as a statement signed by James Pauwels following the accident. On November 27, 1974, an order was entered denying the motion for summary judgment. The defendants, James Pauwels and Underwriters Insurance Company, appeal from that order.

The issue before us is whether the trial court abused its discretion in denying the motion for summary judgment.

■ ■ This court has repeatedly held that sec. 270.635, Stats., does not confer a right of summary judgment but, rather, confers upon the trial court a discretionary power to grant or deny it.[1] Therefore, an order denying a motion for summary judgment will not be reversed unless it appears that the trial court has abused its legal discretion or refused to exercise it.[2] This court will not find an abuse of discretion unless the trial court has either incorrectly decided a legal issue or has declined to consider a legal issue which is capable of resolution in a factual vacuum.[3]

---

[1] See: Estate of Becker (1972), 56 Wis. 2d 356, 202 N. W. 2d 681; Zimmer v. Daun (1968), 40 Wis. 2d 627, 162 N. W. 2d 626.

[2] See: Commercial Disc. Corp. v. Milwaukee Western Bank (1974), 61 Wis. 2d 671, 214 N. W. 2d 33; Keller v. Schuster (1972), 54 Wis. 2d 738, 196 N. W. 2d 640.

[3] Herbst v. Hansen (1970), 46 Wis. 2d 697, 176 N. W. 2d 380; McConnell v. L. C. L. Transport Co. (1969), 42 Wis. 2d 429, 167 N. W. 2d 226.

The defendants' sole contention on this appeal is that, under the circumstances of this case, James Pauwels owed no duty to Rosemarie Ceplina to exercise care with respect to the manner in which he swung the bat. The defendants argue that no duty was owed because the danger of being struck by the bat under the circumstances presented here was or should have been open and obvious to the plaintiff Rosemarie Ceplina.

The deposition testimony of Rosemarie Ceplina and James Pauwels indicates that at about 5:30 p.m., on the date in question, the two were teammates in a softball game held on the Lakeview School playground in South Milwaukee. Both were sixth grade students at that school. When their team came to bat, a line was formed along the first base side with James Pauwels third in line and Rosemarie Ceplina fourth. As James Pauwels took his turn at bat he stepped into the batter's box, positioning himself as a left-handed hitter on the first base side of home plate. Rosemarie then became first in line and stepped forward towards home plate. When the first pitch came, James Pauwels swung. As he continued through with his swing the bat struck Rosemarie Ceplina in the face, causing her injuries. James stated that he knew Rosemarie was standing behind him waiting to take her turn at bat. He did not, however, look around to see how far behind him she was before he swung nor was he concerned that she might be too close. Rosemarie conceded that there was nothing unusual about James' swing. She stated that she was not looking at James when he swung but was looking, instead, at the people in the outfield.

This court has held that the existence of a duty and the scope of that duty are questions of law for the court to decide. Where the facts which are alleged to give rise to a duty on the part of a defendant are agreed upon, the question of whether any duty existed is one of law which

the court may decide on a motion for summary judgment.[4]

However, as this court stated in *A. E. Investment Corp. v. Link Builders, Inc.* (1974), 62 Wis. 2d 479, 483, 214 N. W. 2d 764:

"The duty of any person is the obligation of due care to refrain from any act which will cause foreseeable harm to others. . . ."

Here it cannot seriously be contended that the act of swinging a bat did not give rise to a reasonable foreseeable probability of injury to others who might have been standing nearby. This conclusion, of course, does not mean that James Pauwels was negligent. "Negligence" consists of failing to use that degree of care which would be exercised by a reasonable person under the circumstances.[5]

■ A better argument on behalf of the defendants is that, under the circumstances of this case, James Pauwels should be held free from negligence as a matter of law rather than that he owed no duty to the plaintiffs. As a general rule, however, the existence of negligence is a question of fact which is to be decided by the jury.[6] To hold that a person is not negligent as a matter of law, the court must be able to say that no properly instructed, reasonable jury could find, based upon the facts presented, that the defendants failed to exercise ordinary care. This court has stated that summary judgment does not lend itself well to negligence questions and should

[4] *See: Rausch v. Buisse* (1966), 33 Wis. 2d 154, 146 N. W. 2d 801; *Schicker v. Leick* (1968), 40 Wis. 2d 295, 162 N. W. 2d 66.

[5] *See: Schuster v. St. Vincent Hospital* (1969), 45 Wis. 2d 135, 172 N. W. 421; *Marolla v. American Family Mut. Ins. Co.* (1968), 38 Wis. 2d 539, 157 N. W. 2d 674; *Mondl v. F. W. Woolworth Co.* (1961), 12 Wis. 2d 571, 107 N. W. 2d 472.

[6] *See: Chicago, North Shore & M. R. Co. v. Greeley* (1953), 264 Wis. 549, 59 N. W. 2d 498.

be granted in actions based on negligence only in rare cases.[7]

Here the defendants argue that there could be no finding of negligence because the danger of the swinging bat was one which should have been open and obvious to Rosemarie Ceplina. They cite a number of cases concerning the liability of a landowner for injuries resulting to trespassing children from inherently dangerous conditions on his property.[8]

As this court pointed out in the *A. E. Investment Case, supra,* these cases, dealing as they do with special types of legal relationships, are "out of the mainstream of negligence law in Wisconsin." As such, they are "inappropriate in describing the general duty that an alleged tortfeasor has in the ordinary negligence case." The proposition for which those cases are cited—that a child is bound to appreciate a simple and obvious danger—cannot be doubted. However, the application of that principle as derived from nuisance cases does not fit the facts of this action.

The requirement that Rosemarie Ceplina appreciate the dangers inherent in a swinging bat is, under the circumstances of this "ordinary negligence case," a contributory negligence factor which should be considered in determining whether she failed to exercise ordinary care for her own safety. *See, generally, De Groot v. Van Akkeren* (1937), 225 Wis. 105, 273 N. W. 725. It does not go, as it does in the attractive nuisance cases, to the defendant's independent duty of care.

---

[7] *See: Balcom v. Royal Ins. Co.* (1968), 40 Wis. 2d 351, 161 N. W. 2d 918; *Dottai v. Altenbach* (1963), 19 Wis. 2d 373, 120 N. W. 2d 41.

[8] *See: Kempen v. Green Bay & Mississippi Canal Co.* (1974), 66 Wis. 2d 185, 224 N. W. 2d 202; *Schilz v. Walter Kassuba, Inc.* (1965), 27 Wis. 2d 390, 134 N. W. 2d 453; *Fitzgerald v. Ludwig* (1969), 41 Wis. 2d 635, 165 N. W. 2d 158; *Kastenson v. Kastenson* (1972), 54 Wis. 2d 401, 195 N. W. 2d 454.

To determine the issue of ultimate liability in this case on summary judgment as a matter of law, the facts or reasonable inferences to be drawn therefrom must lead to the inescapable conclusion that either the defendant Pauwels was not negligent or that, while negligent, his negligence was exceeded by that of the plaintiff Rosemarie Ceplina. Without that conclusion the questions of fact are for the jury.[9]

In this case the parties do not seriously contest the factual circumstances of the accident. Those circumstances are set forth in the testimony, on adverse examination, of the participants. However, the ultimate facts to be determined from that testimony and those circumstances with respect to the negligence of the parties are not susceptible of clear resolution on a motion for summary judgment. We conclude the trial court did not abuse its discretion in denying the motion for summary judgment in this case.

It should be pointed out that the trial court did not state reasons supporting its order denying the motion for summary judgment. This court has often encouraged such a practice to facilitate meaningful review.[10] However, it appears that the same arguments presented on this appeal were presented to the trial court in support of and in opposition to the motion. It must be assumed that the trial court reached the conclusion which has been reached here—*i.e.*, that a cause of action for negligence has been stated and that the facts give rise to a question for the jury as to whether either or both of the actors were causally negligent.

*By the Court.*—Order affirmed.

[9] *See: Wasikowski v. Chicago & N. W. R. Co.* (1951), 259 Wis. 522, 49 N. W. 2d 481.

[10] *See: Commercial Disc. Corp. v. Milwaukee Western Bank, supra; Oosterwyk v. Corrigan* (1963), 19 Wis. 2d 464, 120 N. W. 2d 620, certiorari denied 375 U. S. 892, 84 Sup. Ct. 168, 11 L. Ed. 2d 119.