(No. 73-330—

RICHARD MISLICH, JR., A minor, by Richard Mislich, Sr., Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed July 8, 1976.*

BOODELL, SEARS, SUGURE, GIAMBALVO & CROWLEY, Attorneys for Claimant.

WILLIAM J. SCOTT, Attorney General; EDWARD ARKEMA, JR., Assistant Attorney General, for Respondent.

HOLDERMAN, J.

Claimant's action arises out of a suit filed on May 2, 1973, by Richard Mislich, Sr. on behalf of Richard Mislich, Jr., a minor, for injuries allegedly sustained by him on August 23, 1967.

On August 23, 1967, Claimant fell from one of the underside "I" beams of the Crawford Avenue bridge while crawling between such beams.

The bridge in question was an overpass over Interstate 80, a transcontinental federal highway. The bridge was in substantially the same condition on the date of the injury as it was when accepted by the Respondent, State of Illinois, on April 11, 1967.

Claimant alleges that the structure was a dangerous and attractive nuisance to children. The Claimant also alleges that the Respondent knew this area was attractive to children and should have taken precautions to keep them off said property so they would not suffer any injuries.

The record is clear that on the day the accident allegedly occurred the actual road construction was at

least one-quarter mile away from the bridge from where the Claimant fell and that there was no actual work being done on the bridge itself.

The "I" beams from which the Claimant fell were the standard "I" beams used to support bridges and structures of this type.

The record discloses that Claimant was an eight year old boy at the time of the alleged accident and was in the area with several other children. Claimant testified to his initial fear of crawling onto the beam and added that he was "a little bit (scared)," when referring to truck vibrations on the beams as they went across the bridge. Several other children called to testify stated that they recognized the area as a dangerous area.

The victim lived approximately three blocks from the scene in question, and the record discloses that the work on Interstate 80 had been going on for a considerable period of time.

The record is devoid as to what the victim's parents had done, if anything, to warn the boy to stay away from the construction area.

The Respondent had not constructed a fence along the new Interstate 80 nor did they have a watchman in the area.

Claimant has stressed the so-called "attractive nuisance" cases, namely *Kahn* v. *Burton,* 5 Ill.2d 614, 126 N.E.2d 836, and *Trobiani* v. *Racienda,* 95 Ill.App.2d 228, 238 N.E.2d 177. The doctrine relied upon is briefly as follows:

Where the owner or person in possession knows, or should know, that young children habitually frequent the vicinity of a defective structure or dangerous agency existing on the land, which is likely to cause injury to them because they, by reason of their immaturity, are incapable of appreciating the risk involved, and where the expense or inconvenience of remedying the condition is slight compared to the risk to the children. In such cases there is

a duty upon the owner or other person in possession and control of the premises to exercise due care to remedy the condition or otherwise protect the children from injury resulting from it. (*Wagner* v. *Kepler,* 411 Ill. 368). The element of attraction is significant only in so far as it indicates that the trespass should be anticipated, the true basis of liability being the foreseeability of harm to the child. *Kahn supra* at 625.

(1) The occupier knows that young children frequent the vicinity;

(2) There is a defective structure or dangerous agency present on the land;

(3) That structure or agency is likely to cause injury because of the child's inability to appreciate the risk; and

(4) The expense of remedying the situation is slight. *Trobiani supra* at 179.

The Claimant's position is that the structure from which the boy fell was defective and such an attraction as to attract children to the area and that the expense of remedying the situation would have been slight.

The Respondent's position is that this was an ordinary bridge constructed at frequent intervals to allow traffic to pass over Interstate 80, that there was nothing unusual about it, and there was nothing in particular to attract young people to it. Respondent also takes the position that there was nothing defective about the structure and that it was the standard structure used on Interstate 80 wherever overpasses are used which in cities can be every few blocks.

The State also takes the position that they did not know children would be attracted to the area in view of the fact that the work itself was a long distance from the site where the accident occurred which would be the normal site of the attraction.

In the *Kahn* case cited by the Claimant, the Court used the following language:

The test in the case at bar is whether the lumber company in the exercise of ordinary care could reasonably have anticipated the likelihood that children would climb onto the lumber and would be injured *if it were not securely piled.* (Emphasis supplied). *Kahn supra* at 622.

Justice Stamos placed much emphasis upon the last cited quote and specifically the words "if it were not securely piled." He found that the liability in *Kahn* was based upon the fact that the lumber "was not securely piled," constituting a defective structure or dangerous agency. In the *Sydenstricker* case, at 18, the Court stated:

> The risk that children may climb and fall from a non-defective stationary object simply because children might be expected to climb upon it when the object is lawfully located for an appropriate and useful purpose is not an "unreasonable risk" so as to produce liability within the meaning of *Kahn.* Another requirement for liability under *Kahn* is that a child because of his age and immaturity be incapable of appreciating the risk involved. The risk in climbing is simple and obvious to a child of plaintiff's age (9) and experience.

> The facts in the instant litigation reflect that an essential element of liability is absent, since the injury was not the result of any defective structure or dangerous agency inherent in this parked railroad tank car.

In reference to the *Trobiani* case, the *Sydenstricker* Court stated:

> Plaintiff cites the *Trobiani* case in support of his argument, but in *Trobiani,* the plaintiff child incurred his injuries when he fell from a ladder, in a building under construction, and into an open stairwell. The court held that a ladder over an open stairwell in a building under construction constituted a dangerous condition to a minor plaintiff. *Sydenstricker,* at 18.

In *Sydenstricker,* as well as in the instant case, there is a definite lack of a defective structure or dangerous condition essential to impose liability under the "attractive nuisance" doctrine. (R. pp. 124, 182, (R.III) pp. 10, 12).

Claimant's argument that this was a defective structure is not supported by any of the facts. As stated before, it was a typical structure supporting an overpass over a highway. There is nothing in the record to indicate that any part of the structure, including the "I" beams from which the victim fell, was defective in any manner, shape or form.

It is also the Respondent's contention that a non-

defective roadway, plus a non-defective, common, federally approved interstate bridge, does not constitute a "dangerous agency."

This Court has repeatedly held that before a recovery can be made, they must prove by a preponderance of the evidence that:

(1) the injuries were proximately caused by the negligence of the Respondent; and

(2) Claimant was in the exercise of due care and caution for his own safety.

The boy who was injured was eight years of age at the time of the accident. This Court and the Courts of Illinois have repeatedly held that the Illinois law requires a minor over the age of seven years to exercise that degree of care which a reasonably careful person of the same age, capacity, intelligence and experience would exercise under the same or similar circumstances. See *Simmons* v. *State of Illinois,* 26 Ill.Ct.Cl. 351.

Claimant also alleges that this accident could have been prevented at slight cost by the construction of a fence. In view of the fact that Interstate 80 is a transcontinental highway, it would appear that the construction of a fence, which in itself might be a challenge to children, would not have prevented the accident in question.

Attention is called to the fact that at the time of the accident this was an unopened roadway. The *Sydenstricker* case touched upon this very element using the following language:

Climbing is an expected adventure in the life of young children. It is difficult, if not impossible, for one to guard against children falling as it is to preclude their climbing. A device, structure or other object utilized to prevent or impede young people from climbing another device, structure or object has the same inherent hazard, that of the young person falling while climbing. p. 19.

In *Schilz* v. *Walter Kassuba, Inc.*, 27 Wis.2d 390; 134 N.W.2d 453, the Court stated:

Indeed the challenge offered by the risk of falling is probably what provides the fun. There is no suggestion of any surprising danger, such as instability of the pipes or unusual slipperiness. *Schilz,* p. 455.

It appearing that the Claimant has failed to prove the contentions in his complaint and in particular that this was a defective structure or that there was negligence on the part of the Respondent, this claim is hereby denied.