(No. 75-CC-0759-)

DONITA BOAZ, a minor, through her mother and next friend, Donna Boaz, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed October 1, 1982.*

HILLEBRAND, COOK & SHEVLIN, LTD. (DENNIS W. SHEVLIN, of counsel), for Claimant.

TYRONE C. FAHNER, Attorney General (WILLIAM E. WEBBER, Assistant Attorney General, of counsel), for Respondent.

ROE, C.J.

Claimant's action arises out of a suit filed by Donna Boaz on behalf of Donita Boaz, a minor, for injuries sustained by her on April 28, 1974. On that date, Donita Boaz, then eight years old, her mother, father and sisters arrived at Horseshoe Lake on Route 111, Nameoki Township, Madison County, Illinois, for an afternoon of fishing. The property is owned by the State of Illinois and is maintained by the State for the recreational use of its citizens and visitors.

The record seems clear that shortly after their arrival, Donita wandered into an abandoned building commonly known as Lakeside Tavern. While upstairs, she severely lacerated her right leg when she stepped through a colored glass window lying on the floor of the second

level of the building. Donita was admitted to St. Elizabeth's Hospital in Granite City, Illinois, where she remained for approximately one month, during which time she underwent four surgical procedures to repair the injured leg. Due to the extent of her injuries, it will be necessary for Donita to undergo additional cosmetic surgery in the future. As both Claimant and Respondent succinctly suggest, the sole issue before this Court is whether the State of Illinois is liable for Donita's injuries.

Claimant alleges that the structure through which the girl fell was a dangerous and attractive nuisance to children, and that Respondent knew the area was attractive to children and should have taken adequate precautions to prevent them from entering upon the property.

Claimant has in fact stressed the so-called attractive nuisance cases, most particularly *Kahn v. James Burton Co.* (1955), 5 Ill. 2d 614. As we paraphrased in *Mislich v. State of Illinois* (1976) 31 Ill. Ct. Cl. 428, and reiterate here, the doctrine of attractive nuisance can be summarized as follows:

"Where the owner or person in possession knows, or should know, that young children habitually frequent the vicinity of a defective structure or dangerous agency existing on the land, which is likely to cause injury to them because they, by reason of their immaturity, are incapable of appreciating the risk involved, and where the expense or inconvenience of remedying the condition is slight compared to the risk to the children. In such cases there is a duty upon the owner or other person in possession and control of the premises to exercise due care to remedy the condition or otherwise protect the children from injury resulting from it. *(Wagner v. Kepler,* 411 Ill. 368.) The element of attraction is significant only in so far as it indicates that the trespass should be anticipated, the true basis of liability being the foreseeability of harm to the child." *Kahn, supra,* at 625.

1. The occupier knows that young children frequent the vicinity;

2. There is a defective structure or dangerous agency present on the land;

3. That structure or agency is likely to cause injury because of the child's inability to appreciate the risk; and

4. The expense of remedying the situation is slight.

Claimant has essentially paraphrased the *Kahn* decision in defining five elements necessary to establish liability under the doctrine of attractive nuisance. Claimant argues that all five elements are present here and indeed are indisputable. We agree.

1. The defendent must be in possession or control of the premises and of the instrumentality which cause the injury.

There is no dispute about the fact that the State of Illinois owned and had possession of the abandoned Lakeside Tavern.

2. The premises or instrumentality must have been exposed or readily accessible to children.

Here the premises were near Horseshoe Lake on Illinois State Park property where many families spend time in recreation. There were apparently no signs, fences, locks or warnings or any kind on the building.

3. The instrumentality must have been dangerous in itself and likely to cause injury to those coming in contact with it.

In this case, Claimant asserts the instrumentality was the pane of glass which was on the second floor of the abandoned building and which, at the same time, com-

prised part of the ceiling for the first floor. Apparently, the glass was painted so that no one would have known that it was glass or that there was no support under it.

4. The premises or instrumentality must have been attractive and alluring to young children incapable because of their youth of comprehending the danger. As Judge Holderman noted in *Mislich, supra,* at 433:

"The boy who was injured was eight years of age at the time of the accident. This Court and the Courts of Illinois have repeatedly held that the Illinois law requires a minor over the age of seven years to exercise that degree of care which a reasonably careful person of the same age, capacity, intelligence and experience would exercise under the same or similar circumstances. See *Simmons v. State of Illinois,* 26 Ill.Ct.Cl. 351."

We note nothing in the record that would persuade us that any eight-year-old child exercising perhaps greater care than the Claimant might not have also stepped on the painted glass, which in effect was the dangerous instrumentality.

5. Defendant in control or possession of the premises must have foreseen or have been negligent in not foreseeing that children would come into contact with the instrumentality.

Here Claimant asserts that it should have been foreseeable that children would come into contact with the instrumentality since it was located on an Illinois State park used frequently by many families.

The Respondent's position is that the State of Illinois is not an insurer of all persons who use and enjoy State parks. It called our attention to *Steadman v. State of Illinois,* 22 Ill.Ct.Cl. 446, *Finn v. State of Illinois,* 21 Ill.Ct.Cl. 117, and *Penwell v. State of Illinois,* 22 Ill.Ct.Cl. 477, where this Court stated:

"While it is true that Respondent is under a duty to exercise reasonable care in maintaining its parks, it is likewise the law that Respondent is not an insurer against accidents occurring to patrons while using the park facilities."

The Respondent also takes the position that before the State can be held liable for an injury on property maintained by it, the State must have actual or constructive notice of the hazardous condition. In *Finn, supra,* this Court held that:

". . . to require constant inspection in a park of some size, where the State maintains several thousand acres for the benefit of the public, would place an undue hardship and extraordinary burden on the State, by and through its agents and servants."

We think the State has missed the point. None of the cases cited by Respondent in its brief specifically deals with a defective structure. In *Steadman, Finn,* and *Hansen v. State of Illinois,* 24 Ill.Ct.Cl. 102, all cited by the Respondent, this Court dealt with the question of the State's liability when adults are injured by natural hazards in a State park or recreational facility.

We look to our opinion in *Mislich, supra,* where an eight-year-old boy fell from an "I" beam on the Crawford Avenue bridge. We determined that the boy fell from an ordinary bridge, that there was nothing unusual about it, there was nothing in particular to attract young people to it, and there was nothing defective about the structure, it being a standard structure used on Interstate 80 for overpasses:

"It appearing that the Claimant has failed to prove the contentions in his complaint and in particular that this was a defective structure or that there was negligence on the part of the Respondent, this claim is hereby denied."

In all of the above-cited caes, unlike the instant case, there is a definite lack of a defective structure or dangerous condition which we deem essential to liability under the attractive nuisance doctrine.

It is true, as we have often held, that for the State to be liable for an injury, it must have actual or constructive notice of the hazardous condition. In this case, apparently, the State had previously boarded up the building

which in our judgment is sufficient evidence to indicate at least constructive notice of a potentially hazardous condition, and had thereafter failed to inspect or in any way remedy this situation. The record is devoid of any other attempt by the State to reasonably maintain the structure or, failing that, to adequately warn its citizens of potential danger therefrom. We believe the record reflects that the State had the requisite notice of the hazardous condition and negligently failed to remedy that condition in any manner.

Finally, the Respondent argues that the Recreational Use of Land and Water Areas Act, Ill.Rev. Stat. 1977, ch. 70, pars. 31-37, severely limits the duty on the part of the Respondent to exercise care towards any person using the land for recreational purposes. The Respondent cites *Vaughn v. State of Illinois* (1977), 31 Ill.Ct.Cl. 465, wherein the State was charged with negligence in failing to provide warning signs of safety hazards and rescue equipment at a dam or spillway. In that case this Court looked to the following language of the Act:

"Section 3. Duty of care or warning of dangerous condition. Except as specifically recognized or provided in Section 6 of this Act, an owner of land owes no duty of care to keep the premises safe for entry or use by any person for recreational purposes, or to give any warning of a dangerous condition, use, structure, or activity on such premises to persons entering for such purposes.

Section 4. Effect of invitation or permission. Except as specifically recognized by or provided in Section 6 of this Act, an owner of land who either directly or indirectly invites or permits without charge any person to use such property for recreational purposes does not thereby:

(a) Extend any assurance that the premises are safe for any purpose.

(b) Confer upon such person the legal status of an invitee or licensee to whom a duty of care is owed.

(c) Assume responsibility for or incur liability for any injury to person or property caused by an act of omission of such person or any other person who enters upon the land.

✿ ✿ ✿

Section 6. Willful or malicious acts — Injury suffered by persons paying

admission. Nothing in this Act limits in any way any liability which otherwise exists:

> (a) For willful or malicious failure to guard or warn against a dangerous condition, use, structure, or activity.

> (b) For injury suffered in any case where the owner of land charges the person or persons who enter or go on the land for the recreational use thereof . . ."

We also looked to section 8(d) of the Court of Claims Act (Ill.Rev.Stat. 1979, ch. 37, par. 439.8(d)), which is this Court's jurisdictional authority for claims sounding in tort. It provides in pertinent part as follows:

> "(d) All claims against the State for damages in cases sounding in tort, *if a like cause of action would lie against a private person or corporation in a civil suit . . .."* (Emphasis added.)

*Vaughn* involved a factual situation where a boat was caught in a current and, in trying to escape, two passengers were swept over a spillway. We determined that the Recreational Use of Land and Water Areas Act would have absolved a private party owner of any duty of care toward a person using the land or water for recreational purposes (except the duty to willfully or maliciously fail to guard against or warn against a dangerous condition). The State was similarly absolved of such duty pursuant to the provisions of Section 8(d) of the Court of Claims Act.

A number of distinctions can be drawn between *Vaughn* and the instant claim, but basically only one is necessary. The Act specifically refers to the "use of land for recreational purposes" and it is clear to us that the structure (Lakeside Tavern) in which Donita Boaz was injured simply cannot be considered "land for recreational purposes" within the legislative intent of the Act.

Accordingly, it is hereby ordered that the Claimant be, and hereby is, awarded the sum of $30,000.00.