**Angelo Colon, a Minor, by Jose Colon, His Father and Next Friend, Plaintiff-Appellee, v. Maryanna Marzec, et al., Defendants-Appellants.**

Gen. No. 52,409.

First District, Fourth Division.

October 15, 1969.

Rehearing denied November 14, 1969.

Jerome M. Brooks and Gilbert Gordon, of Chicago (Gilbert Gordon, of counsel), for appellant.

Philip E. Howard, of Chicago (David A. Decker, Francis D. Morrissey, and Peter J. Mone, of counsel), for appellee.

MR. JUSTICE LEIGHTON delivered the opinion of the court.

This is an appeal from a judgment entered on a verdict for the plaintiff, Angelo Colon, a minor, and against

Maryanna Marzec, Albert Spinabella and Rigolett Spinabella. Only Maryanna Marzec seeks review of the judgment.

In urging reversal, she contends that under no recognized theory of law was she liable to the plaintiff for injuries sustained on her property; and that the trial court erred in giving to the jury two of plaintiff's instructions.

The jury heard evidence that on May 28, 1961, Angelo Colon, then five years of age, lived with his family in a four-story building owned by Albert and Rigolett Spinabella at 1437 West Chicago Avenue, in the City of Chicago. This building shared a party wall to the east with a three-story building owned by the defendant Maryanna Marzec. The roof of Mrs. Marzec's building was level and had on it two triangular-shaped skylights. The height of the roof was approximately one foot below the sill of a third-floor window in the Spinabella building. This window was reached by a stairway from the front door that was always open. Maryanna Marzec had no control over any part of the building owned by the Spinabellas. For one or two years before the date in question, children of the neighborhood played on the Marzec roof. One or both of the Spinabellas had been told this fact by an employee. No one testified that Mrs. Marzec knew children played on the roof of her building. The fact that children did play on the roof of this 3-story building does not, under the circumstances of this case, result in a reasonable inference that Mrs. Marzec should have known of this activity.

Mrs. Marzec had a tenant, Marta Modrow, who lived on the third floor. She moved into the building in 1957. She had twin sons who were fourteen years of age in 1961. Mrs. Modrow testified that she did not hear nor see children play on the roof of the building. One of Mrs. Marzec's sons said that neither he nor any of his brothers and sisters ever played on the roof; nor did he hear or see any children play there.

Less than one year before the day Angelo sustained his injuries, Mrs. Marzec was present when workmen installed a new roof. Neither then, nor at any other time, was there any protective device put around the skylights. On May 28, 1961, Angelo in the company of his sister, Nilda, two years older than he, used the window in the Spinabella building to go on the roof of the Marzec building and play with other children. As Angelo was running, he stumbled and fell through one of the skylights, suffering serious injuries.

Suit was filed to recover for these injuries on the theory that the owners of the two buildings, the Spinabellas and Maryanna Marzec, owed Angelo Colon a duty to take steps to make safe the roof on which he was playing so that he could not be injured. Consistent with this theory, the plaintiff tendered and the trial court gave, among others, the two instructions about which complaint is made. At the conclusion of the plaintiff's case, defendants moved for a directed verdict. The trial court denied the motion. The jury then returned a verdict against all defendants for the sum of $53,000. Judgment was entered and post-trial motions were overruled. The question we must decide is whether any theory of liability supports the judgment entered against Maryanna Marzec, the owner of the building on whose roof Angelo Colon was injured.

■ Immaturity makes children incapable of appreciating the risks involved in their play; and where the owner or person in possession of land knows or should know that young children habitually frequent a vicinity that is dangerous or hazardous, he has a duty to exercise due care to remedy the condition or otherwise protect trespassing children. Kahn v. James Burton Co., 5 Ill2d 614, 126 NE2d 836; Restatement, Second, Torts, § 339 (1965).

■■ But a possessor or owner of land cannot be required to protect trespassing children against every possibility of injury. Before an owner or possessor can be

responsible for injuries sustained by a trespassing child, it must be shown that there was fault under some recognized theory of liability. The injury incurred must be the natural and probable result of a negligent or otherwise culpable act or condition, and be of such character that an ordinary, prudent person would foresee the injury as a likely result. An injury to a trespassing child is not actionable, unless it could have been foreseen, or reasonably anticipated from conditions negligently maintained on the land. Donehue v. Duvall, 41 Ill2d 377, 243 NE2d 222; Driscoll v. Rasmussen Corp., 35 Ill2d 74, 219 NE2d 483.

Unquestionably, an accessible roof in a crowded urban area is attractive to small children. Undoubtedly, small boys on the roof of a building will run and subject themselves to risk of injury. The roof of a building like the one owned by Mrs. Marzec with two skylights on it was neither inherently dangerous nor did it create unreasonable risk of death or serious bodily harm to children. There was no evidence Mrs. Marzec knew small children played on the roof of her building; nor was there evidence from which it could be inferred she should have known of these activities. It was not enough that there existed on the Marzec roof a possibility of injury to Angelo Colon. Lance v. Senior, 36 Ill2d 516, 224 NE2d 231.

Questions concerning liability of an owner or possessor of land for injuries to trespassing children are neither new nor uncommon. These questions have been before American courts in a myriad of situations. See: 145 ALR, Annotated, p 322; 16 ALR3d, Annotated, p 1; Green Landowner's Responsibility to Children, 27 Tex L Rev 1 (1948). Recently, in Sydenstricker v. Chicago and N. W. Ry. Co., 107 Ill App2d 427, 247 NE2d 15, we passed on a variant of these recurring questions. We held that risk of a child climbing and falling from a nondefective stationary object lawfully located for an appropriate and useful

414

purpose, was not unreasonable. Under such a circumstance, a landowner is not liable for injuries suffered by the child. The same principle controls the case before us.

Plaintiff in his brief, cites to us the Kahn case and a number of our recent decisions.* It is enough to say that through these cases runs a common thread: in each, the owner or possessor of premises known to be frequented by small children negligently maintained a hazardous or dangerous condition; and the burden of eliminating the hazard or danger was slight compared with the risk to the children involved. This common thread distinguishes those cases from the one before us.

■ Maryanna Marzec had neither done nor failed to do anything that made the roof of her building dangerous or hazardous to trespassing children. Therefore, there is no theory under which she can be liable for the injuries sustained by Angelo Colon when he was playing on the Marzec roof.

In putting into context the two instructions about which appellant complains, we have read all of the instructions the trial court gave to the jury. These instructions were drafted in conformance with Illinois Pattern Jury Instructions for Civil Cases, IPI 20.01 and 21.02. Our disposition of this case makes unnecessary any discussion of their correctness because in our view the trial court should have sustained defendants' motion for a directed verdict at the close of plaintiff's case. Pedrick v. Peoria & Eastern R. Co., 37 Ill2d 494, 229 NE2d 504; Clark v.

---

* Kahn v. James Burton Co., 5 Ill2d 614, 126 NE2d 836; Halloran v. Belt Ry. Co., 25 Ill App2d 114, 166 NE2d 98; Skaggs v. Junis, 27 Ill App2d 251, 169 NE2d 684; Smith v. Springman Lumber Co., 41 Ill App2d 403, 191 NE2d 256; Stewart v. DuPlessis, 42 Ill App2d 192, 191 NE2d 622; American Nat. Bank & Trust Co. v. Penn. R. Co., 52 Ill App2d 406, 202 NE2d 79, affd 35 Ill 2d 145, 219 NE2d 529; Dallas v. Granite City Steel Co., 64 Ill App 2d 409, 211 NE2d 907.

Quincy Housing Authority, 86 Ill App2d 458, 229 NE2d 780.

The judgment is reversed with finding and judgment for defendant Maryanna Marzec entered in this court.

Reversed and judgment for defendant.

DRUCKER, P. J. and ENGLISH, J., concur.