LAWRENCE P. MERKOUSKO, a Minor, By LAWRENCE MERKOUSKO, His Father and Next Friend, and LAWRENCE MERKOUSKO, Individually, Plaintiffs-Appellants, *v.* THEODORE JANIK, d/b/a ESTATE REALTY COMPANY, Defendant-Appellee.

(No. 56742;

First District (2nd Division)—August 21, 1973.

344

James A. Boyle, of Chicago, for appellants.

Glazer & Cohan, of Chicago, for appellee.

Mr. JUSTICE HAYES delivered the opinion of the court:

This is an action for personal injuries brought in the circuit court of Cook County by Lawrence Merkousko, father and next friend of the plaintiff, Lawrence P. Merkousko. Defendant, Theodore Janik, moved to dismiss the amended complaint, alleging that it was insufficent at law and failed to state a cause of action. The amended complaint was stricken and plaintiff's cause of action was dismissed. The plaintiff appeals from that order.

The amended complaint alleged that the plaintiff, a seven year old boy, sustained injuries on 10 October 1968 when he fell from a tree, located on defendant's property, onto a cement public sidewalk which ran alongside the property and under the overhanging branches of the tree. It is alleged that defendant negligently piled dirt, from an excavation taking place on his property, around the trunk of the tree, the branches of which extended over the public sidewalk, thus enabling the plaintiff to climb the otherwise unscalable tree. Defendant allegedly knew that children frequented the vicinity in which his property was located in the course of walking to and from a nearby grade school which they attended. He allegedly breached a duty to the plaintiff by not piling the dirt away from the tree which was alongside the children's beaten path or by not warning plaintiff about the hazards of playing on defendant's property and the perils of climbing the tree or about the danger posed by plaintiff's position in the tree when defendant, either himself or through his

agents and servants, knew or should have known of that position.

■■ This case was argued by plaintiff as a typical case involving an injury to a trespassing child. In such cases, *Kahn v. James Burton Co.* (1955), 5 Ill.2d 614, 126 N.E.2d 836 (as amplified and developed by *Driscoll v. Rasmussen Corp.* (1966), 35 Ill.2d 74, 219 N.E.2d 483; *Lance v. Senior* (1967), 36 Ill.2d 516, 224 N.E.2d 231; *Donehue v. Duvall* (1968), 41 Ill.2d 377, 243 N.E.2d 222; and *Gille v. County Housing Auth.* (1970), 44 Ill.2d 419, 255 N.E.2d 904) is always the "guiding star" (*Smith v. Springman Lumber Co.* (1963), 41 Ill.App.2d 403, 191 N.E.2d 256) and was used as such by plaintiff in developing his position. In rejecting the so-called "Attractive Nuisance" doctrine as a case category in Illinois, the *Kahn* court held that the customary rules of ordinary negligence apply to cases dealing with personal injuries to trespassing children. Infants, as a general rule, have no greater rights to go upon the land of others than adults, and their minority imposes no duty upon the occupier of land to expect them or to prepare for their safety. The *Kahn* court, however, noted that there was an exception to this rule.

> "* * * where the owner or person in possession knows, or should know, that young children habitually frequent the vicinity of a defective structure or dangerous agency existing on the land, which is likely to cause injury to them because they, by reason of their immaturity, are incapable of appreciating the risk involved, and where the expense or inconvenience of remedying the condition is slight compared to the risk to the children. In such cases there is a duty upon the owner or other person in possession and control of the premises to exercise due care to remedy the condition or otherwise protect the children from injury resulting from it. (*Wagner v. Kepler*, 411 Ill. 368.) The element of attraction is significant only in so far as it indicates that the trespass should be anticipated, the true basis of liability being the foreseeability of harm to the child."

There is no allegation in the amended complaint that the combination of the tree, the pile of dirt, and the sidewalk either constituted a defective structure or *concealed* a dangerous condition. Construed most favorably to plaintiff, the allegation is that, although the tree itself was in a non-defective natural condition, the combination of tree, dirt pile, and sidewalk made the tree a dangerous agency. But the alleged danger was simply the patent danger of falling.

One of the requirements for liability under *Kahn* is that a child, because of his age and immaturity, be incapable of appreciating the risk involved. (*Sydensticker v. Chicago & N.W. Ry. Co.* (1969), 107 Ill.App.2d 427, 247 N.E.2d 15.) The risk involved in the present case was the

simple and obvious danger of falling from the tree. In *Sydensticker*, the court upheld a summary judgment in favor of the defendant where a 9-year-old child fell from a non-defective ladder attached to a railway tank-car which was positioned on defendant's unfenced property in the normal course of defendant's business. The court held at page 433 that "the risk in climbing is simple and obvious to a child of plaintiff's age and experience." At pages 436 and 437, the court quoted from *Schilz v. Walter Kassuba, Inc.* (1965), 27 Wis.2d 390, 134 N.W.2d 453, where that court stated at page 457:

> "It appears generally to be the rule that a child is bound to appreciate a simple and obvious danger of falling from an object or structure, but is not bound to appreciate a danger presented or exaggerated by a defect in the structure or other peculiar circumstance, which is hidden from the child or which a child would fail to appreciate because of his immaturity."

Plaintiff's brief suggests the possibility that plaintiff "felt secure as he climbed into the tree because of the closeness of the top of the mound to the branches made the initial step into the tree an easy, unfearful experience." Implicit in this suggestion is the inference that, if the plaintiff felt "secure" with the high pile of dirt close beneath him, he would have felt insecure without the pile, and, therefore, he appreciated the danger of falling from a height. To suggest that the plaintiff could appreciate the absence of risk involved in climbing a short height but not the presence of risk involved in climbing a greater height is inconsistent.

Plaintiff seeks to distinguish *Sydensticker* by pointing out that evidence, by way of deposition, was actually taken from the plaintiff and considered by the court in determining what the experience and judgment of the plaintiff was. Plaintiff suggests, therefore, that the court's finding that the risk of climbing was "simple and obvious to a child of the plaintiff's age and experience" was one of fact, applicable only to the particular plaintiff. But the opinion does not disclose any reliance by the court, in reaching its holding, upon facts in the deposition which were unique as to the plaintiff, so as to make the decision one which is *ad hoc;* in fact, the substance of the deposition, as presented in the opinion, does not contain any facts bearing upon the matter of whether the plaintiff, as a specific individual, did or did not appreciate the danger of falling from the ladder by reason of his particular experience and judgment.

Of all the post-*Kahn* cases cited by plaintiff, only two held in favor of the plaintiff therein on issues involving falls by minors. (*Trobiani v. Racienda* (1968), 95 Ill.App.2d 228, 238 N.E.2d 177, and *Smith v. Springman Lumber Co., supra.*) Both are distinguishable.

In *Trobiani*, the court, in denying a section 72 motion, held that the

plaintiff had stated a good cause of action where a four year old girl had fallen from a ladder which had been placed so that it extended over an open stairwell in a building under construction. She fell through the open stairwell apparently to a level below the one on which the ladder had been placed. The combination of the tender age of the child and the extraordinary depth involved in the fall (a depth greater than the height of the ladder itself) clearly sets this case apart from the present one. In the words of the Wisconsin Court in *Schilz v. Walter Kassuba, Inc., supra,* a child of the age and experience of the plaintiff in *Trobiani was* "not bound to appreciate a danger \* \* \* exaggerated by a \* \* \* peculiar circumstance, \* \* \* which a child would fail to appreciate because of his immaturity".

■■ In *Smith,* the court upheld an award of damages against the owner of a three-apartment dwelling for injuries received by a 7½ year old daughter of a tenant when she slipped and fell from an abandoned fuel oil tank in the side yard. It was alleged that children played around the tank, climbed upon it, climbed from it into an adjoining tree and swung from its branches, and the defendant knew of this. It was also alleged that the tenant had made several requests to the landlord to remove the tank because it posed the danger of falling. The minor plaintiff, on the day of her injury, climbed upon the tank and, while standing on the tank or attempting to climb into the tree, slipped and fell to the ground, causing her injury. This case differs from the present one in that it dealt with two parties bound in a landlord-tenant relationship. The duty of a landlord to the nontrespassing minor daughter of a tenant is certainly greater than that of a possessor of land to a minor trespasser such as the plaintiff in the instant case. The precise danger to the tenant's minor children had also been specifically brought to the landlord's attention several times.

For the reasons stated above, we hold that the danger, if any, which was created by the combination of the tree, the pile of dirt, and the cement sidewalk was the simple danger of falling, which was or should have been obvious to a child of the plaintiff's age and experience, and, therefore, under *Kahn,* the amended complaint was properly dismissed for failure to state a cause of action.

The second count of the complaint, which sought recovery by the father of the plaintiff for funds expended under the "Family Expense Statute" because of the accident, must also fall since it was based on the first count.

Judgment affirmed.

SCHWARTZ and LEIGHTON, JJ., concur.