ROY PHILLIPS, a Minor, by his Father and Next Friend, Homer Phillips, Plaintiff-Appellee, *v.* J. F. MARTIN CARTAGE COMPANY, Defendant-Appellant.—(ACE SCAVENGER SERVICE, INC., Defendant.)

First District (1st Division)   No. 60412

Opinion filed October 4, 1976.—Modified upon denial
of rehearing November 4, 1976.

Beverly, Pause, Duffy & O'Malley, of Chicago (Frank J. Pause, John J. O'Malley, and Dom J. Rizzi, of counsel), for appellant.

Michael H. Eiserman, of LaGrange (Kevin J. Karey, of counsel), for appellee.

Mr. JUSTICE BURKE delivered the opinion of the court:

This is a negligence action brought to recover damages for personal injuries to a 12-year-old boy who was injured while trespassing on the defendant's premises. In a jury trial a verdict was rendered for the plaintiff. The defendant appeals from the judgment for $10,000 entered upon that verdict contending that it did not breach any legal duty to the plaintiff because the instrumentality which the plaintiff was injured upon did not present an unreasonable risk and the plaintiff's injury was not reasonably foreseeable, and that therefore the court should have granted the defendant's motion for a judgment notwithstanding the verdict or in the alternative the court should have granted the defendant's motion for a new trial.

The accident occurred in the early evening hours of July 17, 1970, while it was still light outside on the grounds of the defendant, J. F. Martin Cartage Company. The 12-year-old plaintiff, two cousins and a friend, all approximately the same age as the plaintiff, had ridden their bicycles over to the defendant's property to look for Drano, a household chemical to clean drains, that the plaintiff's parents needed. The plaintiff testified that

"some Kids" had told him that there was Drano on the premises. The property belonging to the J. F. Martin Cartage Company consisted of 6¾ acres of land upon which was located a large warehouse building which had 90 numbered stalls and door openings for loading and unloading trucks. The building was 60 feet wide and 520 feet long. The land surrounding the warehouse was not fenced in, but a company official testified that there were several no trespassing signs located on the premises. The scene of the injury was a steel refuse container located outside one of the truck stalls. The refuse container was rectangular in shape, open at the top, and stood 5 or 6 feet tall and was 8 to 10 feet wide and 20 feet long. At the time of the injury the container was up against the raised loading dock.

The plaintiff testified that he climbed upon the refuse container in order to climb into it to look for Drano, although the several of defendant's employees testified that there was no Drano in the container and that the company had not handled this product recently. The plaintiff testified that as he was climbing he had one hand on the refuse container and one on the loading dock. When he was about a foot and a half off the ground, his foot slipped and he hit or scraped his left knee against the side of the container. He fell and landed on his feet. The incident resulted in a dislocation of the plaintiff's knee. There was no evidence that the refuse container had any defect, and the plaintiff's attorney at trial stated that the plaintiff was not contending that the refuse container had any defect. The plaintiff's father testified that his son was large for his age and was not mentally retarded.

Two dock hands employed by J. F. Martin Cartage Company testified. Jose Valadez testified that while working on the dock the day of the incident he observed the plaintiff and his companions playing near the refuse container. He told them to get away but they did not leave. About 10 minutes later the accident took place. Another dock hand, Anthony Heinz, saw the plaintiff and his companions near the container but did not say anything to them and did not continue to observe them. The plaintiff testified that a man on the dock said it would be okay to look in the refuse container if he did not step on any nails. The dock foreman, Elroy Rios, who was working inside testified that one of his men came in and told him that there were some kids playing "in the garbage can." He went out to chase them away, but apparently the accident had already taken place.

■■ The defendant contends that it did not breach any legal duty to the plaintiff because the refuse container did not present an unreasonable risk to the plaintiff and the injury to the plaintiff was not reasonably foreseeable. In considering this argument we shall accept the plaintiff's contentions that the evidence established that the defendant's employees were aware of the plaintiff's presence in the vicinity of the refuse

container and that the actions they took in regard to the incident were within the scope of their employment thereby making the defendant corporation liable if their acts constituted negligence. Under these circumstances the plaintiff would be a discovered trespasser to which the owner or occupier of the land owes a duty to use ordinary care to avoid injury to the trespasser. (*Briney v. Illinois Central R.R. Co.*, 401 Ill. 181, 81 N.E.2d 866; *Beverly Bank v. Penn Central Co.*, 21 Ill. App. 3d 77, 315 N.E.2d 110.) However, to establish that such a person violated his duty to use ordinary care, negligence must be shown. Negligence requires the existence of a duty owed by the defendant to the plaintiff, a breach of that duty, and an injury to the plaintiff resulting from an occurrence that is not merely a possibility but which is reasonably foreseeable. (*Cunis v. Brennan*, 56 Ill. 2d 372, 308 N.E.2d 617; *Van Skike v. Zussman*, 22 Ill. App. 3d 1039, 318 N.E.2d 244.) In *Van Skike*, a 6-year-old plaintiff had purchased from one of the defendants a container of lighter fluid after he had obtained a toy cigarette lighter from a gumball machine in the defendant's store. The lighter was not intended to work and did not emit a spark, but the plaintiff was injured when he ignited the lighter fluid by other means. This court held that while a possibility that a child may ignite lighter fluid or other flamable products such as paint, glue or hairspary always exists, the creation of a legal duty requires more than the mere possibility of the occurrence. In concluding that lighter fluid was not inherently dangerous, this court held that the defendant had not breached a duty to the plaintiff in selling him the fluid and was therefore not guilty of any negligence.

An owner or occupier of land also must exercise due care to remedy a dangerous condition or otherwise protect children from it where he:

"  *  *  * knows, or should know, that young children habitually frequent the vicinity of a defective structure or dangerous agency existing on the land, which is likely to cause injury to them because they, by reason of their immaturity, are incapable of appreciating the risk involved, and where the expense or inconvenience of remedying the condition is slight compared to the risk to the children. In such cases there is a duty upon the owner or other person in possession and control of the premises to exercise due care to remedy the condition or otherwise protect the children from injury resulting from it." (*Kahn v. James Burton Co.*, 5 Ill. 2d 614, 625, 126 N.E.2d 836, 842; see also *Trobiani v. Racienda*, 95 Ill. App. 2d 228, 238 N.E.2d 177.)

However, under the *Kahn* doctrine, to demonstrate a breach of this duty it must be shown that the owner or occupier of the land failed to take reasonable action to protect the trespasser against an unreasonable risk involving some inherent danger whose potential harm to the trespasser is reasonably foreseeable. (*Donehue v. Duvall*, 41 Ill. 2d 377, 243 N.E.2d

222; *Sydenstricker v. Chicago & Northwestern Ry. Co.*, 107 Ill. App. 2d 427, 247 N.E.2d 15.) The owner or occupier of property is not required to indemnify against every possibility of injury. *Driscoll v. Rasmussen Corp.*, 35 Ill. 2d 74, 219 N.E.2d 483; *Colon v. Marzec*, 115 Ill. App. 2d 410, 253 N.E.2d 669.

A number of cases dealing with children injured while trespassing on a defendant's property under the *Kahn* doctrine have discussed whether the instrumentality causing the injury presented an unreasonable risk. In *Sydenstricker v. Chicago & Northwestern Ry. Co.*, 107 Ill. App. 2d 427, 247 N.E.2d 15, this court considered whether a defendant railroad should be held liable for the injury of a 9-year-old who climbed a nondefective ladder on a stationary boxcar and fell off. We held that as a matter of law there was no negligence on the defendant's part. We found that the risk that a child might climb and fall off a nondefective stationary object located for an appropriate and useful purpose was not an "unreasonable risk" and furthermore that the risk presented by climbing was one a child of plaintiff's age could appreciate. In *Merkousko v. Janik*, 14 Ill. App. 3d 343, 302 N.E.2d 390, a 7-year-old was injured when he fell out of a tree. A pile of dirt placed by the defendant under the tree had enabled the child to climb into the otherwise unscalable tree. This court again held that the danger of climbing was apparent to a 7-year-old plaintiff and the defendant who owned the property had no duty to protect the plaintiff from a danger which the plaintiff was fully capable of appreciating. In *Colon v. Marzec*, 115 Ill. App. 2d 410, 253 N.E.2d 669, this court held that there was no liability where a child had fallen through a skylight while playing on the defendant's roof which was accessible from the plaintiff's apartment because the nondefective and stationary skylight did not present an unreasonable risk.

■■ In the instant case, the plaintiff, a 12-year-old boy, suffered an injury when he fell a distance of 1½ feet, while climbing into a refuse container that was 5 or 6 feet high by striking his knee against the side of the container. There was no defect in the container nor was there any evidence that the container was unusually slippery or that there were any sharp objects in the container which led to the injury. The container was a nondefective and stationary object located for an appropriate and useful purpose and it presented no inherent danger. There was no unreasonable or hidden risk there from which to protect the plaintiff. The risk of falling while climbing into the container was a risk that a 12-year-old is quite capable of appreciating. We are of the opinion that under these circumstances neither the discovered trespasser doctrine nor the *Kahn* doctrine imposes upon the defendant a duty to protect the plaintiff from such a risk. The court erred in not granting the defendant's motion for a judgment notwithstanding the verdict.

Therefore, the judgment is reversed and the cause remanded with directions to enter a judgment notwithstanding the verdict for the defendant, J. F. Martin Cartage Company, and against the plaintiff.

Judgment reversed and cause remanded with directions.

GOLDBERG, P. J., and O'CONNOR, J., concur.