KRIS BAZOS *et al.*, Plaintiffs-Appellants, *v.* DONALD CHOUINARD *et al.*,
Defendants-Appellees.

Second District    No. 80-426

Opinion filed May 21, 1981.

Van R. Richards, Jr., of Geister, Schnell, Richards & Brown, of Elgin, for appellants.

Raymond Strass, of Brittain, Ketham, Strass, Terlizzi, Flanagan, Weir & Johnson, of Elgin, for appellees.

Mr. JUSTICE HOPF delivered the opinion of the court:

The plaintiffs, Kris Bazos and her father and next friend, James Bazos, appeal from an order of the circuit court of Kane County dismissing their amended complaint against defendants, Donald and Joan Chouinard, for personal injuries suffered by Kris Bazos on the defendants' property.

The plaintiffs filed their amended complaint on September 19, 1978, consisting of two counts. In count I plaintiffs set forth that on September 29, 1968, the defendants had permitted a picnic table and bench to be placed in close proximity to a low extending limb of a tree; that they permitted numbers of minor children, including Kris Bazos, to play thereon and to jump from the table to the limb to swing; that the defendants knew or should have known that this dangerous activity had gone on for some period of time prior to the occurrence in question.

The complaint in paragraph eight set forth:

"That it then and there became the duty of the Defendants to exercise ordinary care in and about the management, use and control of said picnic table and bench to the end of preventing minors, including Plaintiff, from using said picnic table and bench to jump and swing from the tree limb in Defendant's [*sic*] yard."

The complaint set forth that on or about September 29, 1968, Kris Bazos, a 10-year-old, with the knowledge and permission of the defendants was engaged in this activity and fell and fractured her arm. The complaint enumerated six acts of negligence, including the failure to remove the picnic table, the failure to exercise any supervision of the children's activities, and the failure to prohibit the children from jumping from the picnic table to the tree limb.

Count II set forth the father's claim for his daughter's necessary medical expenses.

The defendants challenged the amended complaint by a motion to strike, stating that the amended complaint was insufficient in law and that it failed to allege any duty actionable under Illinois law. On May 6, 1980, the court granted said motion.

The issue presented for our consideration is whether the alleged failure to supervise or prevent minor children from engaging in an allegedly dangerous play activity on their property violated a legal duty upon which an action for negligence may be based.

It is the position of the plaintiffs that they have alleged sufficient facts upon which to base the existence of a duty on the part of the defendants. The defendants state that there is no special obligation upon them to supervise the child's play activity. They also contend that due to the plaintiff's age she was able to appreciate the risks and dangers of her activities, and therefore the alleged dangerous condition provided no basis upon which they could be liable.

*Kahn v. James Burton Co.* (1955), 5 Ill. 2d 614, 126 N.E.2d 836, established the rule in Illinois that the possessor of land is liable for injuries which children sustain when the injury is caused by a dangerous condition on the property and the owner knew or should have known that young people habitually frequent the area. *Kahn*, at page 625, stated:

"It is recognized, * * * [that] where the owner or person in possession knows, or should know, that young children habitually frequent the vicinity of a defective structure or dangerous agency existing on the land, which is likely to cause injury to them because they, by reason of their immaturity, are incapable of appreciating the risk involved, and where the expense or inconvenience of remedying the condition is slight compared to the risk to the children. In such cases there is a duty upon the owner or other

person in possession and control of the premises to exercise due care to remedy the condition or otherwise protect the children from injury resulting from it."

The import of the *Kahn* case was discussed by the supreme court in *Corcoran v. Village of Libertyville* (1978), 73 Ill. 2d 316, 326, 383 N.E.2d 177:

"As *Kahn* sets forth, a dangerous condition is not that which creates an unreasonable risk of harm to the general class of persons who might frequent the premises. It is one which is likely to cause injury to the general class of children who, by reason of their immaturity, might be incapable of appreciating the risk involved. The essence of the *Kahn* principle is to impose a duty upon those owning or occupying land to remedy conditions which, although considered harmless to adults, are dangerous to children who forseeably wander onto the premises.

On the other hand, the *Kahn* principle should not be construed to impose a duty on owners or occupiers to remedy conditions the obvious risks of which children generally would be expected to appreciate and avoid. Even if an owner or occupier knows that children frequent his premises, he is not required to protect against the ever-present possibility that children will injure themselves on obvious or common conditions."

*Corcoran*, further at page 327, spoke approvingly of the language used in the Restatement (Second) of Torts §339, comment j, at 203 (1966):

"There are many dangers, such as those of fire and water, or of falling from a height, which under ordinary conditions may reasonably be expected to be fully understood and appreciated by any child of an age to be allowed at large."

In the complaint before us, it was alleged that the defendants were aware that children habitually played on the picnic table and bench and jumped to the tree limb. Once becoming aware of this, defendants had the duty to exercise due care to remedy any conditions which may have been dangerous or hazardous to them, or to otherwise protect them from such conditions. *Kahn v. James Burton Co.*; accord, *Donehue v. Duvall* (1968), 41 Ill. 2d 377, 243 N.E.2d 222.

A question arises as to whether the picnic table and bench so placed constituted a dangerous condition and, if so, whether there were sufficient averments in the complaint which amounted to actionable negligence.

■■ An instrumentality, though not in itself dangerous, may become so when joined with other nondangerous instrumentalities or surroundings. (*Novak v. C. M. S. Builders & Developers* (1980), 83 Ill. App. 3d 761, 404

N.E.2d 918.) A condition in its surroundings may so enhance the risk to unsuspecting children as to constitute a danger to them.

"However, the burden rests with the plaintiffs to allege sufficient relevant facts to describe the condition in order for the trial court to conclude that the condition exposes children to risks greater than those which normally attend their daily lives." *Corcoran*, at 328.

In the case before us, there is nothing set forth which would raise an issue whether the picnic table and bench had become a dangerous condition by reason of their being placed next to a tree. An instrumentality or product does not become inherently dangerous merely because there is an abuse of it, or it is used for a wrongful purpose. *Donehue v. Duvall*.

■■ In the case of *Smith v. Springman Lumber Co.* (1963), 41 Ill. App. 2d 403, 191 N.E.2d 256, a verdict was upheld for a 7½-year-old in a fall from a rusty unused oil tank placed next to a tree. The court took the position that due to the defendant's knowledge of the children's playing on the tank, the probability of their injury, their tender years, their incapability of appreciating the risk, and small cost to remedy, the verdict should stand. Considering certain cases that have followed *Springman Lumber*, we believe the more enlightened view would be that the placement of the bench and table had not become a dangerous condition solely due to their placement near the tree. (*Donehue v. Duvall*; *Corcoran v. Libertyville*; *Driscoll v. C. Rasmussen Corp.* (1966), 35 Ill. 2d 74, 219 N.E.2d 483; *Krakowiak v. Sampson* (1967), 85 Ill. App. 2d 71, 229 N.E.2d 578; *Landman v. M. Susan & Associates, Inc.* (1965), 63 Ill. App. 2d 292, 211 N.E.2d 407.) *Springman Lumber* would be further distinguished due to the increased duty owed as a result of a landlord-tenant relationship. Further, the mother of the plaintiff and tenants had from time to time asked the landlord to remove the tank. We conclude that the placement of a picnic table and bench next to a tree limb does not make an inherently dangerous condition.

A further test in determining whether a condition is a dangerous condition is whether the situation or circumstances are likely to cause injury to an unsuspecting child who by reason of immaturity is incapable of appreciating the risks involved. (*Corcoran v. Village of Libertyville*.) *Merkousko v. Janik* (1973), 14 Ill. App. 3d 343, 302 N.E.2d 390, is a case wherein a 7-year-old boy was injured having fallen from a tree he got into from a pile of dirt placed at the base of the tree. The court at page 347 stated:

"For the reasons stated above, we hold that the danger, if any, which was created by the combination of the tree, the pile of dirt,

and the cement sidewalk was the simple danger of falling, which was or should have been obvious to a child of the plaintiff's age and experience, and, therefore, under *Kahn* the amended complaint was properly dismissed for failure to state a cause of action."

We conclude that there was nothing unsuspecting about the circumstances confronting the minor plaintiff before us. Being a child of the age of 10 she must have appreciated the risks of her activity and that she might fall. *Kahn v. James Burton Co.*; *Corcoran v. Libertyville*; *Merkousko v. Janik.*

The *Novak* case, which plaintiffs rely upon, took the position that wherein it was alleged that the excavation, mounds of dirt, and concrete foundation in combination, had the propensity to cause slipping, sliding and falling and that the minor plaintiff did fall into the excavation, the court could not say as a matter of law that the risk involved was incident to any common ditch or obvious depression which children generally would recognize. That case is inapposite to the case before us. Here, for reasons stated, the child would not be unsuspecting and should have appreciated the risk.

The plaintiffs point to a distinction in that the amended complaint sets forth that the activity was permitted by the defendants, that they knew or should have known of the activity and were negligent in not supervising the activity or preventing it. We deem these distinctions to be without merit.

■■ There is no duty imposed of intimate and constant supervision over the playtime activities of children. (*Lance v. Senior* (1967), 36 Ill. 2d 516, 224 N.E.2d 231.) Therefore, there would be no liability in the instant case because of the allegation of the complaint that the defendants "permitted" the activity. Plaintiffs further contend that, unlike the *Corcoran* case, which the trial court heavily relied upon in arriving at its decision, the defendants under the circumstances here had a duty to supervise the activity. In support of their position, plaintiffs cite the following cases: *Crohn v. Congregation B'nai Zion* (1974), 22 Ill. App. 3d 625, 317 N.E.2d 637; *Miller v. VFW Post No. 1242* (1965), 56 Ill. App. 2d 343, 206 N.E.2d 316; *Kita v. YMCA* (1964), 47 Ill. App. 2d 409, 198 N.E.2d 174. These cases relied upon by the plaintiff are all distinguishable in that they either were a part of a business relationship or otherwise affirmatively sponsored and promoted children's activities and thus incurred a duty to supervise. In *Merkousko v. Janik*, the court, in commenting on *Springman Lumber Co.*, stated at page 347:

"This case differs from the present one in that it dealt with two parties bound in a landlord-tenant relationship. The duty of a landlord to the nontrespassing minor daughter of a tenant is

certainly greater than that of a possessor of land to a minor trespasser such as the plaintiff in the instant case."

The duty to supervise in each of the cases cited by the plaintiff is distinct from the case before us. The plaintiffs claim that the defendants, by having permitted this activity over a long period of time, would have an analogous duty to supervise, but offer no authority in support of their position.

Question may arise whether principles of ordinary negligence would apply. Assuming the minor plaintiff were accorded the highest status in common law, that of an invitee, then the only duty owed would be to maintain the premises in a reasonably safe condition and to warn of dangerous nonobvious hazards. (*Corcoran v. Libertyville.*) There the court concluded that it would be incongruous to hold that a condition that did not pose a risk to the minor child, would to him as an invitee. We conclude, therefore, that no common law action for negligence would lie.

The trial court properly granted the defendant's motion to strike.

Judgment affirmed.

LINDBERG and VAN DEUSEN, JJ., concur.