707 P.2d 476

**James DANIELS, and his wife, Ann Daniels, natural parents and representatives of the minor child, James Russell Daniels, Plaintiffs-Appellants,**

v.

**Dale BYINGTON, and his wife, Jane Doe Byington, Defendants-Respondents.**

No. 15257.

Court of Appeals of Idaho.

Sept. 25, 1985.

Marvin R. Stucki, Idaho Falls, for plaintiffs-appellants.

William D. Olson of Racine, Olson, Nye, Cooper & Budge, Pocatello, for defendants-respondents.

WALTERS, Chief Judge.

James and Ann Daniels sued their neighbors, Dale and Shirley Byington, after the Daniels' six-year old son fell from a stationary boat on the Byingtons' property. The district court entered summary judgment in favor of the Byingtons. The Daniels appeal. They contend that the district court erred in concluding there was no concealed, dangerous condition on the boat and that, as a matter of law, the child would be held to have appreciated the danger associated with falling from an elevated structure. We affirm.

The facts of this case are not in dispute. Jim Daniels suffered a broken arm when he fell approximately four feet from the deck of an old boat in the Byingtons' yard. The wooden boat had been placed in the yard as a playhouse for the Byingtons' grandchildren. Mr. Byington had removed the glass and instruments and had painted bright, nautical figures on the sides of the boat. At the time of the accident, Jim Daniels was playing on the boat with his three-year old sister and a grandson of the Byingtons. In the six or seven weeks that he had lived in the neighborhood, Mr. Daniels estimated that his son had played on the boat at least thirty to forty times.

The Daniels sued for Jim's injuries based on the theory that the boat was an attractive nuisance and contained latent dangers that posed an unreasonable risk of danger to children. The Byingtons moved for summary judgment and argued that the Daniels failed to establish a prima facie case under the attractive nuisance doctrine. The Byingtons asserted that the boat did not present an unreasonable risk of death or serious bodily harm to the child. In addition, the Byingtons maintained that Jim was not exposed to a latent or hidden danger unascertainable to a child of Jim's age. The district court held the inert boat did not present any hidden danger. The court found that knowledge of the normal danger associated with falling from an object of play was chargeable to Jim as a matter of law and, therefore, such danger was patent.

▪▪ The sole issue on appeal is whether summary judgment was precluded by a genuine issue of material fact based on reasonable inferences.[1] Summary judgment is properly granted when the pleadings, affidavits, depositions, and admissions show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. I.R.C.P. 56(c). A motion for summary judgment is granted when, on the basis of evidence before the court, a directed verdict would be warranted or when reasonable men could not disagree as to the facts. *Riggs v. Colis*, 107 Idaho 1028, 695 P.2d 413 (Ct.App.1985); *Petricevich v. Salmon River Canal Co.*, 92 Idaho 865, 452 P.2d 362 (1969). It is well recognized that a party resisting a motion for summary judgment is entitled to a favorable view of conflicting evidence and to the benefit of all reasonable inferences where (as in this case) a jury trial has been requested. *Anderson v. Ethington*, 103 Idaho 658, 651 P.2d 923 (1982). The Daniels contend the facts within the pleadings, depositions, and answers to interrogatories raise inferences that the boat contained hidden defects which precipitated Jim's fall.

Idaho adopted the attractive nuisance doctrine near the turn of the century.

---

1. The Daniels also contend that the district court erred in granting attorney fees to the Byingtons. However, because the record does not reflect that attorney fees were awarded in this case, we will not address this issue on appeal.

*Bass v. Quinn-Robbins Co.,* 70 Idaho 308, 216 P.2d 944 (1950), citing *York v. Pacific & Northern Railway Co.,* 8 Idaho 574, 69 P. 1042 (1902). The attractive nuisance theory is set forth in the RESTATEMENT (SECOND) OF TORTS § 339 (1965). Section 339 provides:

A possessor of land is subject to liability for physical harm to children trespassing thereon caused by an artificial condition upon the land if

(a) the place where the condition exists is one upon which the possessor knows or has reason to know that children are likely to trespass, and

(b) the condition is one of which the possessor knows or has reason to know and which he realizes or should realize will involve an unreasonable risk of death or serious bodily harm to such children, and

(c) the children because of their youth do not discover the condition or realize the risk involved in intermeddling with it or in coming within the area made dangerous by it, and

(d) the utility to the possessor of maintaining the condition and the burden of eliminating the danger are slight as compared with the risk to children involved, and

(e) the possessor fails to exercise reasonable care to eliminate the danger or otherwise to protect the children.

Subsection (c) is sometimes expressed in terms that the danger to the child must be latent. W. KEETON, PROSSER & KEETON ON THE LAW OF TORTS § 59 (5th ed. 1984). Our Supreme Court has indicated that the doctrine is limited to cases "where the danger is latent, and affords no basis for a recovery where the injury complained of was produced by a peril of an obvious or patent character." *Bass v. Quinn-Robbins,* 70 Idaho at 312, 216 P.2d at 946, *quoting* 38 AM.JUR., NEGLIGENCE § 151, at 818 (1941).

Whether the Daniels stated a valid cause of action under section 339 of the Restatement is dependent on the facts and inferences to be drawn from the evidence presented in this case.[2] A claim based on the attractive nuisance doctrine must show that the dangerous condition was undiscoverable or, even if discoverable, that the child did not realize the danger. The district court found that there was not any latent danger and the danger of falling from the boat was apparent to Jim. In the Byingtons' motion for summary judgment, they claimed this was the only accident ever to occur while children had been playing on the boat. They also elicited statements from the Daniels during their depositions that Jim had played on the boat many times without mishap; Ann Daniels had entered the boat and found nothing dangerous; Jim, as well as his three-year old sister, had their parents' permission to play in the boat; and James Daniels considered the boat as dangerous as a teeter-totter or a merry-go-round—the danger being in falling.

The Daniels resisted the summary judgment motion by claiming that the undisputed fact that Jim fell from the boat supports the inference that a hidden defect caused the fall. Idaho Rules of Civil Procedure 56(e) provides in part:

When a motion for summary judgment is made ..., an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

The Daniels submit that their interrogatories and the Byingtons' answers to those interrogatories are "replete with allega-

---

**2.** The record shows that it is disputed whether Jim Daniels was trespassing at the time of the accident. Neither of the parties nor the court below focused on that issue because it was not dispositive. We will assume, as did the court below, that the child's trespass, if any, was excused because of the attractive nature of the plaything involved. We will limit our discussion to the theories and to the issues argued by the parties in the court below.

tions of possible defects in the structure of the boat." However, on review we conclude the interrogatories and answers are devoid of any defect allegations. For the most part, the answers to the interrogatories contain measurements of the boat. The Daniels do not point to any defect in the boat and apparently rely on an inference of a latent defect based on Jim's fall. Ann Daniels' affidavit in opposition to the summary judgment stated that the boat should be closely inspected "particularly the paint and the degree of rigidity and support provided by any vertical and upward appendage attached to the deck of the boat," but no evidence of any inspection was offered by the Daniels.

Further, the district court held that "nothing [was] presented ... to show a defective structure or any kind of a concealed, dangerous condition. The alleged danger was simply a patent danger of falling." The court found that a child of Jim's age and mental capacity could appreciate the danger of falling from the boat. Other jurisdictions have denied recovery for a child's injuries caused by a fall from an object or structure, often noting that falling was a risk obvious to children. See *Schilz v. Walter Kassuba, Inc.*, 27 Wis.2d 390, 134 N.W.2d 453 (1965) and cases cited therein. As the Restatement notes:

> There are many dangers, such as those of fire and water, or of *falling from a height*, which under ordinary conditions may reasonably be expected to be fully understood and appreciated by any child of an age to be allowed at large .... This does not require [the owner of the premises] to keep his land free from conditions which even young children are likely to observe and the full extent of the risk involved in which they are likely to realize.

RESTATEMENT (SECOND) OF TORTS § 339 Comments *j* and *m* (1965) (emphasis added). Other courts have held as a matter of law that children appreciate the risk of falling from an elevated structure. *Barnhizer v. Paradise Valley Unified School District No. 69*, 123 Ariz. 253, 599 P.2d 209 (1979); *Lopez v. Capitol Co.*, 141

Cal.App.2d 60, 296 P.2d 63 (1956), *modified on other grounds, King v. Lennen*, 53 Cal.2d 340, 1 Cal.Rptr. 665, 348 P.2d 98 (1959); *Bazos v. Chouinard*, 96 Ill.App.3d 526, 51 Ill.Dec. 931, 421 N.E.2d 566 (1981); *McHugh v. Reading Co.*, 346 Pa. 266, 30 A.2d 122 (1943); *McDermott v. Kaczmarek*, 2 Wash.App. 643, 469 P.2d 191 (1970); *Schilz*, 134 N.W.2d at 453. Still other courts have denied recovery under the attractive nuisance doctrine because the condition which is attractive to children does not rise to the level of an unreasonable risk of death or serious bodily harm. *Weatherby v. Meredith*, 341 So.2d 139 (Ala.1976) (swing set); *Phillips v. J.F. Martin Cartage Co.*, 42 Ill.App.3d 890, 1 Ill.Dec. 904, 356 N.E.2d 1237 (1976) (non-defective stationary object located for appropriate and useful purpose is not inherently dangerous); *Hughes v. Star Homes, Inc.*, 379 So.2d 301 (Miss.1980) (septic tank).

As the California Court of Appeal noted in *Lopez v. Capitol Co.*:

> From the time they are born all children realize the danger of falling and instinctively clutch at something when they feel that danger is near. While the instinct to climb is practically universal, and it is carried on in a venturesome spirit, a consciousness of the risk of falling is always present. Beyond question, the minor plaintiff when climbing this scaffold knew that there was a risk of falling if he was not careful, knew that if he slipped he would fall, and knew that if he fell he might hurt himself. He was injured by a danger, the risk of falling, of which he was conscious when he started to climb.

296 P.2d at 66–67.

The burden rested with the Daniels to present sufficient facts that would allow a reasonable person to infer the existence of a condition involving an unreasonable risk of serious bodily harm to children that Jim would not discover, nor would he realize the risk of harm associated with it, because of his youth. Although a party resisting summary judgment is en-

titled to the benefit of all reasonable inferences from the facts, *Keller v. Holiday Inns, Inc.*, 105 Idaho 649, 671 P.2d 1112 (Ct.App.1983), *modified*, 107 Idaho 593, 691 P.2d 1208 (1984), we conclude that the Daniels have failed to present the requisite facts. Accordingly, we affirm the summary judgment. Costs to respondents, Byington. No attorney fees on appeal.

SWANSTROM, J., concurs.

BURNETT, Judge, concurring specially.

I agree that the judgment should be affirmed. My view is grounded narrowly upon the plaintiffs' failure to present facts showing, or supporting a reasonable inference, that the boat constituted a dangerous condition on the defendants' property.

The Court reaches its conclusion by a different route. The Court presumes that the child was a trespasser, and upon that presumption the Court invokes section 339 of the RESTATEMENT (SECOND) OF TORTS. The Court then imputes to the Restatement a requirement that "the danger to the child must be latent." *Ante* at p. 4. However, in my view, the record is far from clear on the question of a trespass. Neither is the meaning of section 339 made any clearer by ascribing to it the elusive and conceptually dubious dichotomy between "latent" and "patent" risks. Rather, the dispositive point in this case simply is that regardless of whether the child was a trespasser or a social guest, and regardless of whether any alleged risk was patent or latent, there was insufficient proof of a dangerous condition on the property. Absent such a showing, the plaintiffs could not prevail on any theory. *See* Restatement §§ 342 and 343B (including comment c).

Moreover, I believe it is unnecessary to suggest, as my colleagues do, that children invariably will recognize and appreciate the danger of falling from heights. One may readily conceive of circumstances where such a danger would not be fully understood or where the magnetic pull of an attraction on the property would be so great that the landowner reasonably could foresee a child exposing himself to an apparent risk. Because the Court's opinion today sweeps too broadly, I concur only in the result.